[No. 1678.]

OLIVER v. THE DENVER TRAMWAY COMPANY.

1. CONTRIBUTORY NEGLIGENCE—PLEADING—DEMURRER.

In an action for damage for personal injury where the complaint on its face shows that plaintiff's own negligence contributed to the injury, it fails to state a cause of action unless the allegations of the complaint bring it within the exception to the rule, and the question may be raised by general demurrer.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action for damage for personal injury, the question of the con-

tributory negligence of plaintiff is as much a question of fact for the jury as is the question of the negligence of defendant.

3. SAME—PLEADING.

In an action against a street railway company for damage for personal injury, although the complaint shows that plaintiff was negligent in going upon the track in front of a car, if the allegations show that the defendant's motorman saw plaintiff's peril in time to have avoided the injury by ordinary care, the complaint sufficiently states a cause of action, and is not subject to a general demurrer.

*Error to the District Court of Arapahoe County.*

THIS action for personal injuries has had somewhat of a peculiar history. As may be gathered from the abstract, issue was taken on the original complaint, the case was partially submitted to a jury and on a motion for a nonsuit plaintiff was given leave to withdraw a juror, making a mistrial, and then took leave to amend his complaint. The complaint was several times amended and demurred to, and several motions filed to strike out sundry sections of the pleading. The motions to strike out were overruled and the complaint permitted to stand as drafted ; as thus amended the material portions of it are as follows :

Defendant at all times after mentioned was a corporation, doing business in Denver, Colorado, as a common carrier of passengers for hire upon the public streets of said city, and was, on December 10, 1892, operating its street railway upon a public street of said city, Broadway, and was running its cars thereon. A long time prior to said December 10 the city council of Denver had duly passed an ordinance (title set out), which ordinance was signed and approved by the mayor of Denver, September 8, 1890, and was published in a newspaper of said Denver, of general circulation, September 10, 1890, within ten days after its passage.

Section 1 of said ordinance is :

" Sec. 1. Every street car or train of cars, run or operated in the city of Denver, shall be provided with at least one gong or bell to be used as a signal or warning of the approach of

such car or train, and it shall be the duty of the driver, grip-man, motorneer, or person controlling the motive power on any street car or train, when approaching any street crossing, to ring or sound such gong or bell within a distance not exceeding sixty feet from such crossing, and it shall also be the duty of such driver, gripman, motorneer, or person controlling the motive power of any street car to sound or ring such gong or bell whenever such person shall have reason to believe that there is danger of such car or train colliding with, or running against any person, vehicle, or any animal or obstruction."

Section 3 of said ordinance is:

"Sec. 3. Whenever any street car or train of cars, running upon any line or lines now established, or that may hereafter be established, shall approach each other from opposite directions, it shall be unlawful for the person controlling said car or trains or either of them, to permit said cars or trains so approaching each other to pass upon any intersecting street, but the car or train farthest from said intersecting street shall come to a full stop at such point and in such manner as not to impede or obstruct travel upon such intersecting street, and so to remain until the approaching car or train shall have entirely passed."

Sections 1 and 3 of said ordinance were each of them in full force and effect on December 10, 1892.

On said December 10, plaintiff, a pedestrian, attempted to cross the said public street from, at or near the northwest corner of its intersection with a public street known as Tenth avenue to a point at or near the northeast corner of the intersection of said public streets. Plaintiff so attempted to cross Broadway in order to be carried for hire upon one of the cars of defendant approaching along Broadway from the south, and in so attempting to cross plaintiff was following the route of crossing usual and customary for pedestrians on the line of the north side of Tenth avenue, from west side to east side of Broadway. While plaintiff was so crossing Broadway, a car of defendant, drawn by a cable, which cable was operated by steam, was from the north approaching Tenth avenue at

speed of about twelve miles per hour, upon the track which
the plaintiff was crossing.

Plaintiff, when near last said track, saw approaching from
the north the car of the defendant, which, as after set out,
collided with plaintiff. Said car was under the control of
conductor and gripman, servants and employees of defendant.
It was in the night-time when plaintiff attempted to cross
Broadway; night was dark; plaintiff could not and did not
estimate the distance at which said car then and there was
from plaintiff. Gripman of said car wholly failed when ap-
proaching north side of Tenth avenue, to ring or sound any
gong or bell within a distance not exceeding sixty feet from
north side of Tenth avenue. At all times while the said car
was within a distance not exceeding sixty feet from north
side of Tenth avenue, plaintiff was in a position of peril, and
said gripman saw, or in the exercise of due care could have
seen, that plaintiff was in a perilous position, and said grip-
man by the exercise of due care, could have prevented and
entirely avoided the collision hereinafter set out.

The car as aforesaid approaching from the north, and an-
other car of the defendant, were each approaching the other
from opposite directions along Broadway; the car approach-
ing from the north was farthest from Tenth avenue, and the
plaintiff so knew; and misled by said failure of said gripman
to ring or sound any gong or bell, and believing that last said
car would be brought to a stop at such point on the north
side of Tenth avenue, and in such manner as not to impede
or obstruct travel on Tenth avenue, and plaintiff knowing it
was the custom of defendant to stop its cars before crossing
Tenth avenue and before the line of Tenth avenue was
reached whenever another car was approaching from an oppo-
site direction, as by the provisions of said section 3 of said
ordinance they were required to do, as the plaintiff knew;
then upon his knowledge of said custom of defendant to stop
its cars at said point, before crossing, and of their duty so to
do, and fully believing that they would so stop the said car,
plaintiff, without fault on his part, proceeded to go upon,

with intent to cross over, the track along which said car from the north was approaching.   But said car failed to come to a full stop on the north side of Tenth avenue, and failed to abate its speed in any degree until after the collision with plaintiff, hereinafter set out.

Defendant and its employees aforesaid so negligently managed and operated said car so approaching from the north, that plaintiff, without fault of his own, was violently struck thereby, while attempting to cross the track upon which said car was approaching and was thrown to the ground and under said car, and was rolled upon the ground and under said car; whereby plaintiff was greatly injured; right ankle of plaintiff was broken and fractured, ligaments of plaintiff's right foot were broken, three of plaintiff's ribs were broken and fractured, and plaintiff was otherwise injured, wounded and cut, insomuch that he then became sick, lame and sore, and so continues to present time, and to present time has been prevented from attending to his business, and was forced to expend for medical attendance, medicine and nursing, a large sum of money, to wit, $500.   The demurrer to this complaint as thus amended was sustained, the plaintiff elected to stand by his pleading, judgment was entered accordingly, and to reverse this judgment thus entered the plaintiff prosecutes error.

Mr. JOHN G. SEARS, Mr. WILLIAM B. TEBBETS and Mr. ELLERY STOWELL, for plaintiff in error.

Mr. A. M. STEVENSON, for defendant in error.

BISSELL, P. J.

The questions presented by the demurrer are not easy of solution.   The legal rules which must be followed by the pleader in stating his cause of action, and those which must be observed in the trial of this class of cases may possibly be deemed fairly well settled.   Yet after all no case in its facts

is so entirely plain that the court can be absolutely certain about the application of those general principles by which such pleadings and such trials are governed.    There is probably less difficulty in reaching a conclusion where the cause has been tried and the facts and circumstances of the case are before the court than when, as in the present, it is simply a matter of pleading.    It is generally true a pleader ought to be able, if he has a case at all, to state it so that his complaint shall not be open to objections presented by a general demurrer.    Doubtless it was the object of counsel in the present controversy to state the case in such fashion that his right to maintain the action could be definitely settled.    We must be permitted to doubt the expediency of the procedure and we do not intend, except in so far as we may be compelled in the determination of the error, to decide whether the plaintiff has or has not a case, or may or may not have a case when his proof shall come in.    One of the most general doctrines pertaining to the law of negligence is that the plaintiff may not recover where his own negligence contributed to the injury unless, of course, as will be subsequently seen, the case is brought within the exception to this rule.    It seems to be well settled the defendant may take advantage of this defense, either where he proves it affirmatively, or when it appears from the plaintiff's own proof, or where the plaintiff has so pleaded his cause of action, that it may be gathered therefrom his own negligence contributed materially to the injury of which he complains, and his case is not stated within any exception to the doctrine.    1 Thompson on Negligence, p. 449; *H. & T. C. Ry. Co. v. Richards*, 59 Texas, 373.    As we look at the record, this is probably the proposition on which the whole case turns, and it becomes our duty to ascertain whether on the record as it stands the court correctly resolved this question.

Matters of negligence, whether original or contributory, are equally matters of proof.    Either must be shown by the preponderance of proof and the question whether the plaintiff's negligence so far contributed to the injury as to amount

to its proximate cause is as much a question for the jury as is the other fundamental inquiry, whether the negligence of the defendant company occasioned the injury. Both must be settled by the evidence. *D. & R. G. R. R. Co. v. Ryan*, 17 Colo. 98; *Grand Trunk Ry. Co. v. Ives*, 144 U. S. 408. Accepting the allegations of the complaint there is scarcely room for debate about the question of the negligence of the defendant company. It failed to observe the requirements of the ordinances concerning the running of the cars on Broadway at the time of the accident. The ordinance is set out, the violations alleged, and if they are sustained by proof, the negligence of the company would thereby be established regardless of any other fact which might show negligence. *D. & R. G. Ry. Co. v. Ryan, supra; Platte & Denver C. & M. Co. v. Dowell,* 17 Colo. 376. The same doctrine has been announced by this court in a recent case. *D. & R. G. R. Co. v. Divelbiss, ante,* p. 304. Even with a strict enforcement of the general rule, that a pleading must be taken most strongly against the pleader, there can be no doubt the negligence of the company was sufficiently charged. The difficult question still remains, whether the plaintiff pleaded himself out of court by alleging facts tending to show that his own negligence contributed to the injury. As a general proposition when there is any uncertainty either as to the existence of negligence on the part of the defendant, or contributory negligence on the part of the plaintiff, either question is one of fact, to be determined by the jury and not one of law for the decision of the court. This is true, whether the difficulty springs from the conflict in the testimony, or whether the whole thing rests upon undisputed facts, when in this latter case reasonable men might differ in the inferences which they would draw from the facts as stated. This is the general conclusion of all the cases, and though put differently in the various decisions, the rule is so clear in that particular there is no dispute about it. As some put it, there must not be room for debate respecting the inference which must be drawn from the testimony; others that the inferences must be indisputable and there must be no escape

from the conclusion which reasonable men would draw from a consideration of the circumstances. However it is put, and in whatever form the result is the same. *Richmond & Danville R. R. Co. v. Powers*, 149 U. S. 43; *Hall v. Ogden City St. Ry. Co.*, 13 Utah, 243; *Omaha Street Ry. Co. v. Martin*, 48 Neb. 65; *Brotherton v. Manhattan Beach Imp. Co.*, 48 Neb. 563; *Traction Co. v. Scott*, 56 N. J. L. 652; *Garrity v. Detroit Citizens' St. Ry. Co.*, 112 Mich. 369.

As the pleader states his case, the plaintiff coming eastward on Tenth avenue on the north side of the street attempted to cross Broadway to reach one of the cars belonging to the defendant company and going northward along Broadway. To reach the car he was compelled to cross the west track of the company along which there was coming from the north another car bound southward which had not yet reached or crossed Tenth avenue. The plaintiff alleges that under the ordinances, and according to the universal practice and custom of the company, to his knowledge, which matters were then in his consideration, the tramway company were bound to sound a gong to warn people of their intention to cross the street, and were likewise bound to stop the south-bound car when it reached Tenth avenue that there might not be two cars crossing Tenth avenue while passing along Broadway at the same time. This averment is further sustained by an allegation to the effect, that the north-bound car was nearer the crossing than the south-bound one, and therefore had the right of way across Tenth avenue, and the plaintiff relying on these facts attempted to cross the west track to take the car bound north. The exact distance of the south-bound car from the crossing, the plaintiff could not estimate, but conceiving under the ordinances that the car would stop, he assumed it to be safe to cross it and took the chances, but the car failing to slacken its speed collided with him and occasioned the injury. There is in this allegation a suggestion of negligence which if developed by proof might warrant the jury to conclude the plaintiff's own act so materially contributed to the injury that he could not recover.

We are not in a situation to either decide 'this question or strongly intimate our opinion about it. It is still true that whatever suggestion of contributory negligence is thus expressed in the plea is wholly obviated as a matter of pleading by what follows.

There is a principle of the law of negligence as well established as that to which we have already referred. This is the exception before adverted to. The plaintiff is not necessarily debarred recovery because he has been guilty of a negligence which contributed to the injury. He may have been negligent and careless, put himself in a place of danger, yet, if the defendant by the exercise of reasonable care, could have still avoided the injury, he was bound to avert the disaster. No principle of the law of negligence is better established than this, and the declarations of the Supreme Court of the United States on this subject have been followed by both of the appellate courts of this state. *Inland & Seabrook Coasting Co. v. Tolson*, 139 U. S. 551; *Denver & Berkeley Park R. T. Co. v. Dwyer*, 3 Colo. App. 408; *Denver & Berkeley Park R. T. Co. v. Dwyer*, 20 Colo. 132.

It remains then to be determined, whether the pleader has so far stated the exception as to entitle him to offer proof. He avers the gripman saw him as he was crossing the track, or by the exercise of due care might have seen him and his peril, and by the exercise of care could have prevented the injury. This is the excuse presented by the pleader for the contributory negligence which was apparently pleaded, and if established by sufficient and competent proof would bring the case within the exception. If it be conceded the plaintiff was negligent in attempting to cross the track, yet it must likewise be admitted, if the gripman saw him and by the exercise of care could have prevented the accident, he was bound to apply the brakes, and save the plaintiff, even though he had negligently put himself in this place of danger. What the fact may be, what the proof may show, it is impossible to state, nor do we desire to go so far as to conclude the defendant from raising the question when the proof is offered, nor

do we intend to authoritatively declare that the plaintiff has a right of action which can be maintained. We can only say, if his proof corresponds with his complaint it is possible for him to bring his case within the exception which the decisions establish.

Counsel have indulged in a good deal of discussion in their various briefs respecting the obligations of street railway companies and the duties of foot passengers who attempt to cross the street where the rapid transit system is in operation, and we have been cited to a good many cases from various courts which lay down the rule that it is absolute negligence for parties to attempt to cross the tracks of steam railways without stopping, looking and taking all due precaution to ascertain whether a train is coming and in dangerous proximity. We do not deem it necessary to discuss this question nor to express or to quote the general rules which prevail. The facts are not before us, and it would be dangerous to attempt to establish a precedent by laying down the formula or prescribing rules, as learned courts have sometimes done, which rules and formula require as much definition as do the naked statements of the general principles. The relative rights of street railway and foot passengers are vastly different from the relative rights of passengers on the highway attempting to cross the tracks of a steam railroad which are laid on private property. The law has been somewhat discussed in the state as well as in other jurisdictions, and the trial court, if the emergency arises, can very easily determine the law. *Davidson v. Tramway Co.*, 4 Colo. App. 283; *Denver Tramway Co. v. Reid*, 22 Colo. 349; Booth's Street Railway Law, § 311, *et seq.; Schofield v. Chicago, etc., R. Co.*, 114 U. S. 615; *Buzby v. Philadelphia Tract. Co.*, 126 Pa. St. 559.

We are quite of the opinion the plaintiff stated a cause of action in a manner which did not subject his complaint to a general demurrer.

The court erred in sustaining the demurrer, and the judg-

ment entered thereon will be reversed and the cause sent back for further proceedings in conformity with this opinion.

*Reversed.*