# September Term, 1905.

[No. 4585.]

THE COLORADO AND SOUTHERN RAILWAY COMPANY
v. SONNE.

1. Negligence—Contributory Negligence.

In order that plaintiff may recover for an injury caused by defendant's negligence there must have been a concurrence of negligence on the part of defendant and absence of negligence on the part of plaintiff. If plaintiff by his own negligence or want of ordinary care and prudence so far contributed to the injury that it would not have occurred but for his own lack of care and prudence he cannot recover.

2. Same—Railroads.

Plaintiff, who was familiar with defendant's yards and with their custom of switching cars, drove into the yard to get a load of coal from a car and drove upon the track on which defendant's employees were switching cars without stopping and listening and without looking in the direction where he knew they were switching cars, and while crossing the track was struck by a loose car running on the track, which was being switched, and was injured. If he had looked up the track the way the car was coming before going upon the track he could have seen the car in time to have avoided the injury. Held that plaintiff's own negligence contributed to the injury, and that he is not entitled to recover.

*Appeal from the District Court of Gilpin County:
Hon. A. H. De France, Judge.*

Upon the 7th day of September, 1899, appellant, who was defendant below, operated and maintained a railroad and switch yard at Black Hawk, in the county of Gilpin, in this state. Peter Sonne, the appellee, who was plaintiff below, was a teamster living at Central City, and had been driving a team at Black Hawk

and vicinity and frequenting the switch yards of appellant for eighteen or nineteen years. He was well acquainted with the manner of the conducting of appellant's business in and about the operation of its trains at that point.

Upon the morning in question a freight train arrived in Black Hawk and was engaged in switching up the track west of the depot. Appellee visited the switch yards of appellant that morning for the purpose of obtaining coal from a car standing therein. A passenger train arrived from the east upon its way to Central City and as usual halted at the Black Hawk station.

Having ascertained the location of the coal car which he desired to empty, appellee got into his wagon and drove parallel with the track and toward Central City in the direction in which the switching was being done by the freight engine. He had some conversation with the engineer of the passenger train, and attempted to cross the track in front of the passenger engine without looking or listening to determine what was being done to the westward and up the track by the freight engine. As he was driving upon the track his attention was attracted by the cries of alarm of the bystanders. He then, for the first time, looked up the track and discovered a loose car coming rapidly toward him and but a rod or two distant. This car struck the wagon, throwing appellee to the ground and severely injuring him. He brought suit in the district court and recovered judgment, from which judgment defendant below appeals.

Messrs. DINES, WHITTED & DINES, for appellant.

Mr. J. McD. LIVESAY, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court.

There are many questions raised in the record of this case, only one of which we shall consider, because it is decisive, and that is the matter of the contributory negligence of the appellee.

We are often confronted with the proposition that because the trial court gave judgment to the successful party it should be decisive of the matter. If this be true, the existence of a court of review is superfluous and an unnecessary extravagance. The judgment of *nisi prius* courts should be sustained when it can be done without violating the settled principles of law.

The judgment in this case can only be sustained on the theory that the defendant was guilty of negligence in permitting the car to run down its track unattended by a locomotive, and that plaintiff was not guilty of such negligence as contributed to produce the injury complained of. Before he can recover there must be a concurrence of negligence on the part of the defendant and a lack of negligence on the part of the plaintiff.

One of the well settled principles of law in this state is that when a party so far contributed to the disaster by his own negligence or want of ordinary care and caution that but for such lack of care and prudence the injury would not have been sustained he is not entitled to recover.—*Colo. Central R. R. Co. v. Martin,* 7 Colo. 592.

In this case, while there is evidence that the view was obstructed some distance south of the track by a lime house, which was located about twenty-five feet from the track, and by a pile of cord wood extending out from the lime house about eight feet, which would obstruct the view of a person who was south of the track and opposite this building, Sonne was driving close to the track and parallel with it, and his view was unobstructed, because there were

sixteen feet of open space between the wood pile and the track. If he had looked he could have observed the cars upon the track for some distance. He says, however, that he did not look; that it was not customary for him to look up the track before he came upon it; that he generally looked straight ahead; that it was not his custom to stop or to look or to listen.

One cannot rush blindly into danger, even though the danger be occasioned by the negligence of another, and be heard to complain of his injury. He is bound to exercise a reasonable degree of prudence in protecting himself from injury. The duty of self-preservation is one that cannot be ignored.

Usually questions of negligence and contributory negligence are matters of fact to be determined by the jury, but where the facts are undisputed it becomes the duty of the court to determine these questions as a matter of law.—*C., B. & Q. R. R. Co. v. McGraw*, 22 Colo. 363.

This plaintiff was an old resident of Central City. He was a teamster and for a long time had been using this particular crossing. He knew the grade of the tracks and knew that there was switching being done above him, and if, with his experience and knowledge of existing conditions, he saw fit to drive across the tracks without as much as giving a passing glance in the direction from which the car came, it must be concluded that he assumed the risk, and cannot now be heard to complain if his assumption resulted disastrously. He cannot relieve himself of responsibility by the fact that it was not his custom to stop or to look or to listen while approaching the track. If the accident was caused partly by the plaintiff's own negligence, then it was not in a legal sense caused by the negligence of defendant. In such case it was caused by the negligence of both parties. If the result was produced by the commingling of the

negligence of the two parties, the plaintiff cannot recover.—*Lesan v. Maine Central R. R. Co.*, 77 Me. 85.

The conduct of the plaintiff seems well-nigh indefensible. Though he was well acquainted with the yards and knew that an engine and force of men were doing some switching up the track, he drove boldly upon the crossing without either looking or listening for approaching cars. The fact that there was a locomotive standing upon the track east of the crossing did not excuse him from the duty of looking west along the track. It is said that it would have been of no use to have looked westward because of the obstruction caused by the lime house and the wood pile. As has been seen, this obstruction was sixteen feet from the railroad track, and plaintiff was driving close to the track, so that his view could not have been obstructed, but even if it was it was his duty then to stop and to listen.—*C. & S. Ry. Co. v. Thomas*, 33 Colo. 517, 81 Pac. 801.

The noise of this car was heard by Grutzmacher, who was working in a boiler shop thirty or thirty-five feet from the main track, and by Kruse, who was near the depot, seventy-five feet further from the car than Sonne. When the attention of Kruse was attracted by the noise and he saw the car it was one hundred and twenty-five or one hundred and fifty feet above the wagon crossing, and apparently Sonne would have had no difficulty in seeing or hearing this car if he had made an effort to do so. These by-standers, who were not in as good a position to see or hear the car as Sonne, did hear it and did see it, and endeavored to attract Sonne's attention to the fact of its approach, but evidently failed to do so in time to prevent the injury.

We may assume it to be true that plaintiff was upon the grounds of the defendant upon lawful bus-

iness and, in a sense, upon the invitation of the defendant, and that defendant owed him the duty to have its premises in a reasonably safe condition and to prevent damage to him from any unseen or unusual danger; yet this would not relieve the plaintiff from the duty of exercising a reasonable degree of care. The obligation of the railroad company did not require it to make the place absolutely safe. It was not required to make accidents impossible.—*The Wabash, St. Louis & Pac. Ry. Co. v. Locke,* 112 Ind. 404.

The plaintiff was bound to co-operate with defendant and use ordinary care to prevent the accident. The law is no less stringent and exacting in imposing duties and responsibilities upon travelers or those crossing railways than it is upon the companies operating the roads. While it is the duty of the company to use due care and to exercise caution to prevent an injury to the wayfarer, it is equally the duty of the individual to use due care and to exercise caution to prevent his being injured by the company. Hence, it is said that "as a matter of law, it is negligence and carelessness for a person to go, to stand or to be upon the track of the railroad without keeping watch both ways for cars," and that it is the duty of the traveler to look and to listen for the approach of trains and observe the surroundings.—*Denver & R. G. R. R. Co. v. Ryan,* 17 Colo. 98.

The plaintiff was guilty of contributory negligence. He failed either to look or to listen for approaching danger while in a position in which he knew, or should have known, that danger was imminent. He is therefore not entitled to recover, and the judgment of the district court will be reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.