[No. 3341.]

## Denver City Tramway Co. v. Gustafson.

1. Appeals—*Verdict on Conflicting Evidence,* is conclusive upon the court of review.

2. Pleadings—*Party Concluded by.* A party will not be heard to contest such allegations of his pleading as agree with his own testimony on trial.*

3. Contributory Negligence—*Crossing Street Railway.* A pedestrian approaching the tracks of a street railway of which he has knowledge must look before attempting to cross. And he must look at such time and from such place as to afford a reasonable certainty that he will see and avoid an approaching car.

Plaintiff was running to reach a street car which was standing upon the westerly track. When twenty-five feet from the track he saw a car approaching thereon at a speed which he was not able to estimate. Without looking again he continued running with his head down, collided with the moving car, and was injured. He was under no necessity to pass in front of the moving car but might have reached the car he desired to take without loss of time, by allowing the other to pass in front of him. He was held guilty of contributory negligence as a matter of law.

4. Negligence and Contributory Negligence—*When for the Court or Jury.* Questions of negligence and contributory negligence are usually for the jury; but where the facts are undis-

*Syllabus by King, J.

puted, and but one inference can be drawn therefrom, it becomes the duty of the court to determine the question as matter of law.

5. —— *Burden of Proof.* The defendant is relieved of the burden of proving contributory negligence when it appears in the plaintiff's own case.

6. APPEAL—*Issue Not Submitted to Jury—Presumptions.* It will not be presumed in support of a judgment that the verdict was based upon a proposition not submitted to the jury.

7. INSTRUCTIONS—*Stating the Issue.* Where the court attempts to state the issues the instructions should fairly present the contentions of each party.

8. —— *As to Burden of Proof.* In an action for negligence an instruction which imposes upon defendant the burden of proving plaintiff's contributory negligence, without qualification, is erroneous if the plaintiff's negligence appears by his own testimony.

9. —— *Contradictory.* An instruction sound in law does not heal the error by one which contradicts it. The jury are at liberty to accept the false doctrine and reject the true.

10. STREET RAILWAY COMPANY—*Rights in the Street.* A street railway company has a preferential right in that part of the street occupied by its tracks, superior to the rights of others.

11. —— *Failure to Sound Gong,* when approaching a street crossing, as required by ordinance, is not negligence as to a pedestrian who sees the car approaching.

But if the ordinance provides that the motorman shall sound the gong wherever he has reason to believe that there is danger of a collision with any person, vehicle, etc., the failure to sound the gong where such danger is apparent, and the motorman by due circumspection and care would have been aware of it, is evidence of negligence.

*Appeal from Denver District Court.* HON. HARRY C. RIDDLE, Judge.

Mr. GERALD HUGHES, Mr. H. S. ROBERTSON, and Mr. JAMES H. BROWN, for appellant.

Messrs. STARK & MARTIN, and Mr. GEORGE S. REDD, for appellee.

KING, J., delivered the opinion of the court.

At the hour of 7:35 o'clock on the morning of

June 23rd, 1906, plaintiff, a pedestrian, collided with a car of the defendant, The Denver City Tramway Company, receiving injuries for which he brought suit and recovered judgment against the defendant, from which judgment the defendant took an appeal to the supreme court.

The accident occurred about three and one-half miles from the business center of the city of Denver, at or near a point where the north line of Forty-fifth avenue intersects the street-car line, on the east side of Josephine street. The complaint alleges that at that time a southbound car was standing still taking on passengers, at or near the place where the south line of said Forty-fifth avenue intersects the street-car line on the west side of Josephine street, and partially within said avenue—diagonally across the street southwesterly from the point of collision; that plaintiff was approaching the intersection of said streets from the east, on the north side of Forty-fifth avenue, on a rapid run, intending to take the southbound car, standing as aforesaid; that when he reached a point about 36 feet east from the track he saw the northbound car approaching, and believing he had plenty of time to cross the track before that car reached the said intersection, he continued to run, with his head bent over to protect his face from the rain, until struck by the car; that if said car had been running at its usual rate of speed he would have had plenty of time to pass over the track before the car reached said intersection, but that the car was caused to run at an unusual rate of speed and by reason thereof to collide with plaintiff. The complaint specifies five acts of negligence on the part of the defendant, namely: (a) that the motor-

man neglected to sound or ring the gong or bell upon said car within a distance not exceeding 60 feet from said street-crossing, as provided by city ordinance; or, (b) while approaching said intersection so as to warn plaintiff of the near approach of said car, although said motorman knew and had reason to believe that plaintiff was about to cross the track; (c) that said motorman neglected to bring his car to a stop before crossing said intersection of streets, and permitted said car approaching said street to pass the other car while standing upon the opposite track upon said intersection of streets, in violation of the city ordinance; (d) that said motorman permitted said car to run at a rapid and dangerous rate of speed while crossing said street intersection; (e) that the motorman neglected to slacken the rate of speed of said car after he knew or had reason to believe plaintiff was about to cross said car track. The ordinances mentioned were set forth in *haec verba.*

I. Upon the question of the alleged negligence of the defendant the evidence was conflicting as to the speed of the car, and as to whether the gong was sounded, or the speed was slackened while crossing the street. Some of the witnesses for plaintiff testified that the car was running at full speed estimated to be in excess of twenty miles per hour; that no gong was sounded before reaching the street intersection, or thereafter before the collision occurred, and that no effort was made to slacken the speed while crossing the street. The motorman and conductor testified that the car was not running at a greater speed than ten or twelve miles an hour when approaching the crossing, and slowed down

while passing the southbound car, and was not going to exceed eight miles an hour while crossing the street. Witnesses for the defendant also testified that a test was made at the same place with the same car and under similar conditions, excepting the car was not so heavily loaded; that the full current was used and the car was run for several blocks without stopping, with result showing a maximum speed of seventeen and one-half miles per hour. The employees of the defendant also testified that the gong was rung upon approaching the crossing. It was shown by the testimony of the employees of the defendant that under the conditions existing that morning, the tracks being wet, it would take from 80 to 100 feet to stop the car if running at a speed of ten or twelve miles an hour. The evidence tended to show that the car ran somewhere from 40 to 150 feet, or more, before coming to a full stop after the accident. Upon these questions there was a sharp conflict in the evidence, and the finding of the jury as to the matters hereinbefore set forth is conclusive upon this court; and in the further consideration of the case it will be assumed that the defendant's negligence in the matters stated was established by the evidence.

II. Upon the question of the alleged negligence or want of care of the plaintiff, there appears to be no dispute as to plaintiff's acts and omissions from which his contributory negligence must be held to be established as a matter of law, the allegations of the complaint and the testimony being considered together. Plaintiff testified that when a half block or more from Josephine street he saw the southbound car approaching at such a distance that he

could reach it in time only by going upon a fast run; that while so running and when about 35 feet from the street-car track he saw the northbound car at or near Forty-fourth avenue, approaching at about its usual speed. In his complaint he alleges that the car was about 260 feet from the street intersection, and that he could not tell the speed at which the car was approaching, on account of being nearly directly in front of it. He further testified upon cross examination that after he had gone five or ten feet he saw the car again about 300 feet away from him; that thereafter he continued to run, without again seeing or looking for the car, until he was struck; did not know what part of the car hit him because he had his eye and his mind on the other car which he was running to catch; that he had lived in that vicinity about a year previous to the accident, and had been accustomed to riding upon these cars to and from the city. Plaintiff's witnesses who saw the accident testified that they saw him running toward the car line with his head down, and that at the instant he approached the car line and was about to step upon the track, the northbound car passed, and that he struck the car back of the fender and about the front corner of the car. The motorman testified that when approaching the street intersection, probably 100 or 150 feet from Forty-fifth avenue, he saw the plaintiff near the alley, running toward Josephine; that he was sure plaintiff saw the car, as he seemed to look around toward it; that he did not think the man would attempt to cross the track in front of his car, and that he did not attempt to stop the car on account of plaintiff's approaching it until he saw that plaintiff was apparently intending to cross the

track ahead, and then he threw off the current, but was so close that it was impossible to stop the car in time to avoid the accident; that when his car was opposite the end of the sidewalk that plaintiff was running upon, and the front end of the car was just a little past the walk, plaintiff ran against the front corner of the car. He further testified that his reason for not believing that plaintiff would attempt to cross ahead of the car, was that plaintiff could, without loss of time or distance, and with perfect safety, pass behind the car in order to reach the southbound car then taking on passengers. The testimony of the motorman is stated to show that, in every material point except as to the sounding of the gong and his effort to stop the car, it is supported by the testimony of plaintiff's own witnesses and not disputed by plaintiff himself. The attorneys for plaintiff, in their oral argument, admit that plaintiff's testimony is obviously incorrect as to his situation when he first saw the southbound car, for the reason that that testimony cannot be true if other matters shown by his testimony are true, and they say that he must have been at least 75 feet from the crossing when, as he testified, he saw the car at or near Forty-fourth avenue. But in that respect plaintiff is precluded by the positive allegations of the complaint and his own testimony absolutely fixing his situation at 35 or 36 feet from the track. It necessarily follows that the approaching car was much nearer than he stated, and must have been somewhere near the place stated by the motorman. All the testimony shows that from the time plaintiff reached a point 25 to 35 feet from the railway track he ran with his head down without looking or paying any attention to the car

which he knew was approaching, until he struck the car which had reached the point of attempted crossing before plaintiff had reached it. Counsel for plaintiff urge that plaintiff's error in making his calculation as to the time he had to get over the track to his car cannot be charged to him as negligence; that he had a right to make such calculation and exercise his judgment thereon, and if it turned out that he miscalculated, he cannot thereby be held to a breach of duty to exercise ordinary care. Under the circumstances of this case it does not appear that he exercised either the care or the judgment of an ordinarily prudent man under like circumstances, but instead, resolved to take the risk or hazard in view of his desire to reach the car upon the opposite track.

It is urged that plaintiff's duty was performed because when 25 or 35 feet from the track he looked and saw the car approaching and judged that he would have time to cross the track. The law requires a pedestrian approaching a street-car track, of which he has knowledge, to look before attempting to cross. The purpose in requiring him to look at all makes it necessary that he should do so at a place and time when it will be reasonably calculated to be effectual for his protection. His looking at a point 25 feet from the track, under the circumstances in this case, does not satisfy the requirements of the law. He should have looked again before attempting to enter upon the track, and his failure to do so was negligence, without which the accident would not have occurred. There was no necessity for him to cross the street-car track ahead of the moving car in order to accomplish his purpose to reach the car

upon the opposite track, for so far as the evidence discloses he could have reached his destination without loss of time or distance, by passing, with perfect safety, behind the car against which he ran. Had the street-car against which plaintiff projected himself been at a stand-still at the time and place of the accident, surely no one would contend that he might recover for his injury. The fact that the car was moving, if it changes the principle at all, or affects the view we would take on the question of plaintiff's contributory negligence, but accentuates the same, for, the motion of the car must of necessity have been accompanied by more or less noise, thus enabling the plaintiff to bring into requisition the sense of hearing, whereas, if it had been standing still, he would have been compelled to rely entirely upon the sense of sight.

That contributory negligence upon the part of the plaintiff is a complete defense to an action for injuries caused by the negligence of the defendant, is settled in this jurisdiction.

Usually questions of negligence and contributory negligence are matters of fact to be determined by the jury, but when the facts are undisputed, and but one inference may be drawn therefrom, it becomes the duty of the court to determine such questions as a matter of law.—*Colorado & Southern Ry. Co. v. Sonne*, 34 Colo. 206, 209-211; *C. B. & Q. R. R. Co. v. McGraw*, 22 Colo. 363, 369-372; *Denver City Tramway Co. v. Cobb*, 164 Fed. 41-44; *Griffith v. Denver Consolidated Tramway Co.*, 14 Colo. App. 504-517; *D. & R. G. R. R. Co. v. Buffehr*, 30 Colo. 27-40.

The principle invoked by counsel for appellant

that where the question of contributory negligence depends upon a state of facts from which different minds may honestly draw different conclusions on that issue, the question must be submitted to the jury for determination, is also well settled by the supreme court of this state.—*Colorado Central R. R. Co. v. Martin,* 7 Colo. 592; *Lord v. Pueblo S. & R. Co.,* 12 Colo. 390; *Nichols v. Railroad Co.,* 44 Colo. 501; *Denver City Tramway Co. v. Wright,* 47 Colo. 366.

In this case we think the undisputed facts and circumstances are such that fair minded men upon due consideration cannot honestly differ or draw different conclusions as to the question of the negligence of the plaintiff. The case of *Tramway Co. v. Cobb, supra,* is, in many respects, similar to the case at bar. The plaintiff in that case was struck while attempting to cross an outbound street-car track. Before leaving the sidewalk he looked along both streets but saw no car. The inbound car was approaching at the time and would have been in plain view but for a covered express wagon which was also approaching in front of it, and thus temporarily obstructing the view. He then passed by the rear of the wagon and came to be a little south of the southerly or outbound track, and about 12 feet from the inbound track. The inbound car was then in plain view, about 45 feet away, approaching at its usual speed at that place. Without any further attempt to look along the tracks, and without observing the car which continued to be in plain view, the plaintiff advanced to the inbound track and the collision ensued. The court in holding that

negligence as a matter of law was established in this case, said:

"We think the case is plainly one where both parties were negligent, each having disregarded his own duty and seemingly relied upon a performance of the duty of the other, and where their concurring negligence resulted in an injury which would have been avoided if the duty of either had been performed. In such a case the law gives no right of recovery.—*Chicago, Rock Island & Pacific Ry. Co. v. Crisman,* 19 Colo. 30.

But it is urged that the plaintiff's duty was performed because, before leaving the sidewalk, he looked along both streets and saw no car. It must be held otherwise. The purpose in requiring him to look at all made it necessary that he should do so at a place and time when it would be reasonably calculated to be effectual for his protection. His looking at the time and place selected did not satisfy this requirement."

In *Griffith v. Denver City Tramway Co., supra,* similar in many respects—although not in all—with the case at bar, the court said:

"The train was in open view, and the speed plain. The loudest sound of a gong or bell would have acquainted her with nothing she did not already know. She passed the first track, and when she reached the second, the train was so near that she must have known that in attempting to cross it she was taking desperate chances. * * * There can be no recovery for an injury of which the imprudent or negligent conduct of the person injured is the proximate cause. * * * It was not in crossing the street that the negligence of Mrs. Griffith con-

sisted, * * * but having reached the track upon which the train was coming, and upon which she knew it was coming, at a place where it had the right of way, and to which she knew or ought to have known it was in dangerous proximity, if she was determined to place herself on the other side of the track, the smallest degree of forethought would have warned her to stop until the train had passed, and had she exercised the caution demanded by the most ordinary prudence, she would have been unhurt. In the language we have quoted, but for her own fault, the misfortune would not have happened.

Ordinarily the question of negligence is to be determined by the jury. They are the judges of the credibility of witnesses, and of the weight to which testimony is entitled, and if the evidence, in any material particular, is in any degree conflicting, or if, upon the facts and circumstances exhibited, there is room for an honest difference of opinion, the question must be submitted to them. But where the facts are not in dispute, and there can be but one opinion as to their effect, the question is one of law, and it is proper for the court to decide it. (citing cases) Whatever is matter of common knowledge and experience, courts are bound to recognize, and where in the light of such knowledge and experience, an act is obviously imprudent, the law determines its effect, and the court declares the law. (citing cases) If one suffers injury from throwing himself knowingly and needlessly into the mouth of danger, he receives what he invites, and the law affords him no redress. To stop upon a railroad track immediately in front of a rapidly moving train, with knowledge of its approach, is an act concerning the char-

acter of which there can be no disagreement, and the responsibility for the consequences is upon the doer. (citing cases) The court properly held that, as a matter of law, the act of Mrs. Griffith was such contributory negligence as would bar a recovery for the injuries she sustained.''

In *Colorado & Southern Ry. Co. v. Sonne, supra,* page 209, the court said:

''One cannot rush blindly into danger, even though the danger be occasioned by the negligence of another, and be heard to complain of his injury. He is bound to exercise a reasonable degree of prudence in protecting himself from injury. The duty of self-preservation is one that cannot be ignored.

Usually questions of negligence and contributory negligence are matters of fact to be determined by the jury, but where the facts are undisputed it becomes the duty of the court to determine these questions as a matter of law.''

III. Holding the views hereinbefore expressed we think the court should have directed a verdict for the defendant, unless the so-called doctrine of ''last clear chance'' can be successfully invoked by the plaintiff. The complaint contained an allegation seeking the benefit of this doctrine, namely, that assuming that plaintiff was guilty of negligence without which the injury would not have been sustained, the accident might have been averted had the defendant, after discovering plaintiff's situation and alleged peril, used ordinary care to stop the car; and a portion of the argument of counsel for appellee is directed to this question. We do not find that the case was submitted to the jury upon that view. The instructions for the plaintiff as well

as for the defendant submitted the cause upon the question of the negligence of the defendant and the contributory negligence of the plaintiff, and no instruction seems to have been given which embodied or attempted to definitely place this question before the jury for its consideration; and for that reason, even if we should believe the evidence sufficient to justify a verdict in favor of the plaintiff upon that question, (a matter which we do not decide) we think the judgment should not be affirmed simply because the jury may possibly have found in favor of the plaintiff upon that question, notwithstanding plaintiff's negligence.

IV. In view of the possibility of a new trial, we will comment on some of the exceptions reserved by the defendant to the instructions given by the court.

(1)   In instruction No. 1, the court gave to the jury a statement of the issues as made by the pleadings, and defendant contends that such instruction does not fully nor fairly state the issues.  The instruction seems to fall short of the requirement that a statement of the issues must put the case not only as it is laid by the plaintiff, but also as controverted by the defendant.  While there may not be prejudicial error in the instruction, so long as the court attempted to state the issues, it should, in connection with the ordinances mentioned, have stated plaintiff's allegation that the southbound car was standing still at the time the accident occurred, and also his allegation that he was unable to note the speed of the car.

2.   Instruction No. 2 as given, upon request of plaintiff appears to be erroneous in several respects.

(a) The jury are instructed that a street railway operated as this was has no priority of right of way at a street crossing over other persons desiring to use the crossing. This was error. It is uniformly held by our supreme court that a street railway company has a "superior" and "preferential" right to that part of the street occupied by its track. —*Davidson v. Tramway Co.,* 4 Col. App. 283; *Philbin v. D. C. Tramway Co.,* 36 Colo. 331, 337. In the last case cited it is also held that such right is "paramount," and in *The Denver City Tramway Co. v. Norton,* 141 Fed. 599, 604, it is said that such street-car company has "a prior right, in the sense of a preferential right of way over a street crossing as against the pedestrian, the equestrian and the driver of a vehicle," and that an instruction that the street-car company did not have a higher and prior right in the street, was evidently misleading and erroneous. There can be no distinction, as applied to the facts here disclosed, between a prior right and a superior or preferential right. And while on behalf of the defendant the court instructed the jury that the street-car company has a superior and preferential right, it does not cure the instruction that it has no prior right, for these two instructions are clearly inconsistent with each other, and the jury was therefore at liberty to accept either and disregard the other.

(b) The jury are instructed that "when a person approaching a street railway track to cross it, sees a car approaching at such a distance that he can apparently make the crossing safely, he has the right to attempt to do it, and it is not negligence *per se* in him to attempt it without looking the second time

after he has once looked and seen the car at such a distance as would give a reasonably prudent person under similar circumstances the belief that he could make the crossing safely before the car reached it.'' This may be true in the abstract, but it is not correct as applied to the facts in this case. If the plaintiff, in the exercise of ordinary prudence, was bound to look at all, he was bound to look and observe while within some such reasonable distance of the track as would advise him of the proximity of the car, its speed and the danger of attempting to cross. This instruction, when taken in connection with the further instruction that defendant's motorman should be *constantly* on the lookout for persons about to take a car upon the opposite track, is particularly opposed to the thoroughly established principle that the duties of the street-car company and the plaintiff, as to the degree of care to be exercised, are reciprocal. If the plaintiff may, without being charged with negligence, look once at such a distance as shown in this case, and then close his eyes, defendant's motorman having once looked and judged that plaintiff was not in peril, need not look again or observe further care as to plaintiff's safety.

(c)   The admission in evidence of the ordinance requiring the sounding of the gong on approaching street crossings, etc., is assigned as error. Under the authority of *Denver City Tramway Co. v. Norton, supra,* the instruction as to failure to sound the gong within sixty feet of the crossing, was error, in view of the fact that plaintiff saw the car approaching, and therefore, had all the notice and warning that the sounding of the gong could give. But the ordinance makes the further provision that

the person controlling the motive power of the car shall sound the gong whenever he shall have reason to believe that there is danger of such car or train colliding with, or running against any person, vehicle or any animal or obstruction; and, under the circumstances in this case, the failure of the motorman to sound the gong was proper evidence of negligence, and the admission of the ordinance was not error.

3.    Instruction No. 5, insofar as it advises the jury that "unless the defendant has proven by a preponderance of the evidence that plaintiff was guilty of contributory negligence, as defined in these instructions," its finding should be for the plaintiff, omits the important qualification that this burden is not upon the defendant in case such negligence appears from plaintiff's own evidence.—*Oliver v. Denver Tramway Co.*, 13 Colo. App. 543, 553; *Moffatt v. Tenney*, 17 Colo. 189; *Platte etc. C. & M. Co., v. Dowell*, id. 376; *Colorado Midland Ry. Co. v. Robbins*, 30 Colo. 449.    *Reversed and remanded.*

Decided February 13, A. D. 1912.    Rehearing denied April 8, A. D. 1912.