EMERY BUTTERFIELD vs. WESTERN RAILROAD CORPORATION.

A traveller upon a highway which is crossed by a railroad on a level, who knows that he is near the crossing and yet does not look up to see if a train is coming, simply because there is a storm and the travelling is bad, is guilty of such negligence that he cannot recover damages for an injury sustained by him from a collision with a passing train, although the bell was not rung nor the whistle sounded.

TORT to recover damages·for a personal injury received by the plaintiff by being run over by the defendants' locomotive engine. At the trial in the superior court, before *Russell*, J., a verdict was returned for the plaintiff, with $1500 damages, upon facts which are sufficiently stated in the opinion ; the judge having declined, on motion of the defendants, to rule as matter of law that the plaintiff had shown such carelessness as to deprive him of his right to recover. The defendants alleged exceptions.

*W. G. Bates*, (*M. B. Whitney* with him,) for the defendants.

*E. B. Gillett*, for the plaintiff.

CHAPMAN, J. This case does not come before us upon a motion to set aside the verdict because it was against the evidence or the weight of the evidence, but upon exception to the refusal of the presiding judge to instruct the jury that there was no legal and sufficient evidence to authorize them to find a verdict for the plaintiff.

It is admitted by the plaintiff's counsel that the burden was on him to prove that he used due care to avoid the collision by which he was injured. By due care is meant reasonable care, adapted to the circumstances of the case. The crossing of a place known to be so dangerous as a railroad track frequently is by reason.of the passing trains reasonably requires a high degree of watchfulness and attention. Before attempting to cross, a man should make a reasonable use of his sense of sight as well as of hearing, in order to ascertain whether he will expose himself to a collision. If he fails to use his senses without reasonable excuse, he fails to use reasonable care. *Shaw* v *Boston & Worcester Railroad*, 8 Gray, 73. *Warren* v. *Fitchburg Railroad*, 8 Allen, 227. *Commonwealth* v. *Fitchburg Railroad ante*, 189. *Stevens* v. *Oswego Railroad*, 18 N. Y. 422.

In *Toomey* v. *London, &c. Railroad,* 3 C. B. (N. S.) 146, it is said that a mere scintilla of evidence is not sufficient to authorize a judge to submit the question of the defendants' negligence to a jury; but there must be evidence upon which a jury may reasonably and properly infer that there was negligence on his part. This rule of evidence is substantially the same with that laid down in *Denny* v. *Williams,* 5 Allen, 1, and applies with as much force to the plaintiff's proof of due care on his part as to the proof of negligence on the part of the defendant. See also *Philadelphia Railroad* v. *Hummell,* 44 Penn. State R. 375; *Wilds* v. *Hudson River Railroad,* 24 N. Y. 430.

All the evidence as to what the plaintiff did comes from his own testimony. He states, in substance, that on the 30th of January 1862 he started from the depot in Westfield to go on foot to his own house in a westerly direction. He was well acquainted with the highway and railroad. He attempted to cross the railroad without looking or intending to look to see whether a train was coming, and as he stepped upon the track he was struck by a train that was passing at that moment.

He admits that if he had looked he would have seen the train. It came from the west, and for half a mile west of the highway the track was in plain sight. As he approached the crossing the highway was for a considerable distance near to the track, and nearly upon the same level with it, so that the approaching train would be directly before him. As the way turns to cross the track it rises a little. It was dark, but the engine had a head light, which he could not have failed to see if he had looked.

He also knew that a train was due from the west about that time, and that it had not passed, and he supposed it must be near.

He states his reasons for neglecting to look. It was a stormy night, raining, blowing hard from the northwest, and snowing some. He had his hand up, holding his hat on his head, and this prevented him from seeing the train. The travelling on the highway was very bad; considerable snow had fallen sometime before, and its surface was frozen; the road had been ploughed out to the crossing, and the crust had slipped back into the path.

The ice did not fall over, but slid right back. He could not tel. which furrow he walked in; sometimes one, and sometimes the other. He was listening for the cars; his attention was called to the subject, and he expected to hear the bell or the whistle, but there was no bell sounded or whistle blown.

From this statement it is to be inferred that he had occasion to use his eyes pretty constantly for the guidance of his own footsteps as he walked, and that he was under the necessity of obstructing his sight for the purpose of preserving his hat from being blown away. Yet as he had the control of his own movements, and could stop or check his speed at pleasure, it was in his power to look up frequently, and he might easily have seen the train. The noise of the wind and storm and the breaking of the snow crust as he walked must have made it more difficult than usual to hear the noise of the train, and furnished no excuse for trusting exclusively to his sense of hearing.

We must assume it to be true that neither the bell nor whistle was sounded, and that the defendants violated their duty in this respect. A traveller has a right to expect that they will perform this duty; and has some right to expect that he will hear the noise. But this expectation does not excuse him from exercising reasonable care to ascertain by sight as well as hearing whether there is a train coming immediately upon him as he attempts to cross the track. The negligence of the company does not authorize him to maintain an action, if he also is negligent. He states that he did not know when he came upon the track, although the snow was entirely removed from it. But he had known for a considerable time that he was coming near it; he knew of the rising ground, and the train had been in plain sight for a considerable time.

The plaintiff's neglect to use his eyes was palpable negligence, and he states no reasonable excuse for it. The jury ought therefore to have been instructed that he had offered no evidence of due care on his part, and was not entitled to a verdict. ·

*Exceptions sustainea.*