THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COM-
PANY, PLAINTIFF IN ERROR, v. CRISMAN, DEFENDANT
IN ERROR.

1. RAILROAD COMPANY—ACCIDENT.

A railroad company is not liable in damages for the results of an acci-
dent at a crossing by reason of a failure to give signals of an ap-
proaching train, unless that be the proximate cause of the injury,
and there be no such contributory negligence by the plaintiff as will
prevent his recovery.

2. NEGLIGENCE—DEGREE OF CARE.

The degree of care to be used by a traveler in crossing a railroad is
measured by the conditions surrounding the place of crossing; and
where, by reason of obstructions, his view of the track is shut off,
it is his duty to exercise a higher degree of care than if the track
is open to view, and the precautions to be taken must be such as
are calculated to inform him of the fact whether or not a train is
approaching.

3. CONTRIBUTORY NEGLIGENCE.

Negligence on the part of a railroad company will not excuse a traveler
approaching a crossing from using proper care on his part to avoid
danger, and there can be no recovery if he fails to do so, if such
failure contributes to the injury. A qualification of this rule per-
tains only in cases where the company has notice of the dangerous
situation of the party injured in time to avoid the collision by the
exercise of ordinary care, and is guilty of such conduct as will im-
ply an intent or willingness to cause an injury.

*Error to the District Court of Arapahoe County.*

THIS suit was brought by defendant in error to recover
damages for the destruction of his wagon and the killing of
his horses by being struck by an engine of a passenger train
belonging to plaintiff in error while coming east on the Kan-
sas Pacific Railroad, at a point at or about the intersection of
Market and 44th streets, in Denver. A judgment was re-
covered in the district court of Arapahoe county for the value
of the team and wagon. To reverse this judgment the rail-
road company prosecutes this writ of error.

Mr. WILLIAM HARRISON, Mr. A. E. PATTISON and Mr. THOMAS H. EDSALL, for plaintiff in error.

Messrs. BROWNE & PUTNAM, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

It appears from the record that at the point of collision there were four tracks. The one farthest from the city is designated "the transfer track." This departs from the main track at a point about 750 feet easterly from the crossing, and crosses the highway at a point 387 feet from where the accident occurred. The second track is a siding which crosses the track at a distance of 40 feet from the main track. The third track is also a siding, crossing the highway about 15 feet from the main track. At the time of the accident cars were standing on either side of the highway upon all of these tracks except the main track, and so obstructed the view of the main track that it was difficult for a person driving on the highway to see a train approaching from the east after the transfer track had been passed and while between the transfer track and the main track.

The wagon destroyed was a covered milk wagon, loaded with milk cans. On either side of the wagon there were sliding doors, with a window in front which hung upon hinges and could be opened and hooked up at the top of the cover. The doors and window were open at the time of the accident. One Nuney, the servant of defendant in error, who was driving the team at the time of the accident, had been driving over the road for four days previous to the accident, and had passed over the railroad crossing at least once each day during that time, at about the same hour the accident occurred.

There is a serious conflict in the evidence as to whether the whistle was blown before, or the bell was being sounded at, the time of the accident; also as to the manner in which Nuney approached the crossing. And the jury being the exclusive judges of the credibility of the witnesses and of the

weight of the evidence introduced upon these questions of fact, their finding thereon cannot be disturbed unless error intervened in the instructions.

Error is assigned upon the giving of instruction number three, wherein the court attempts to define the duty of a railway company in approaching a crossing, and is as follows :

" The jury are instructed that, if you find from the evidence that the view of the railroad track over which the defendant's train was approaching at the time of the alleged accident was obstructed by box freight cars on the side tracks described in the evidence, so as to make the view of the approaching train impossible or difficult, then the omission of the company to give signals of its approaching train, if you find such omission from the evidence, was negligence on the part of the defendant so as to make it liable."

This instruction is erroneous in declaring the company liable upon failure to give such signals regardless of the fact whether such failure was the proximate cause of the accident. The jury might, under this declaration of law, if they found the signals were not given, find against the company, whether the accident was in any measure caused by such failure or not; and also in disregard of any question of contributory negligence on the part of the plaintiff.

" Failure to ring bell or blow whistle at crossing, though required by law, will not render the company liable, unless that be the proximate cause of the injury, and there be no such negligence by the plaintiff as will prevent his recovery." *Beyel v. N. H. & M. V. Ry. Co.*, 34 W. V. Rep. 538 ; *Artz v. C. R. I. & P. R. R. Co.*, 34 Ia. 153 ; *T. W. & W. Ry. Co. v. Jones*, 76 Ill. 311.

Further error is predicated upon the refusal of the court to give the following instruction, as prayed for :

" If Nuney's view of the railroad track, in the direction from which the train was approaching, was obstructed to such an extent as to prevent him from seeing the approaching train from the wagon, then he was bound to use greater care than would have been required if the view had been unobstructed,

and should, if necessary, have stopped the team and listened for approaching trains before driving on the crossing;" and in giving it the following modification :

" Provided you find the defendants were not guilty of gross negligence, such as failing to ring the bell, or give any notice of their approach, or running their train at the rate of twenty or thirty miles per hour."

The degree of care to be used by a traveler in crossing a railroad is measured by the conditions surrounding the place of crossing, and where, by reason of obstructions his view of the railway track is shut off, it is his duty to exercise a higher degree of care than if the track is open to view ; and the precautions to be taken must be such as are calculated to inform him of the fact whether a train is approaching or not. In Patterson on Railway Accident Law, the rule is stated as follows :

§ 177. " Where the view of the line from the highway is obstructed, or the crossing is in other respects specially dangerous, it is the duty of the traveler to exercise a higher degree of care, and if he cannot, by looking and listening, satisfy himself that it is prudent to cross the line, he must stop, or he must adopt such other precautions as ought to be taken under the particular circumstances of the case."

The Supreme Court of Wisconsin in the case of *Seefeld v. The C. M. & St. Paul Ry. Co.*, 70 Wis. 216, very similar in its facts to the one at bar, said :

" The cases cited on behalf of the defendant to show that plaintiff should have stopped his team and listened for the expected train, seem to us to come nearer this case in their facts than those cited to sustain the opposite view ;" and after referring to a number of cases, announced the rule as follows :

" The rule to be deduced from these cases is this : If the view of a traveler on the highway approaching a railroad crossing is so obstructed that he cannot see an approaching train in time to stop his team before colliding with it, if he knows that a train is due at such crossing at or about such

time, and if he is unable to hear the approaching train when his team is in motion, whether by reason of the force and direction of the wind or of noises in the vicinity, whether made by his own wagon or by other causes, ordinary care requires him to stop his team while he may do so, and listen for the train."

In the case of *The Louisville, N. A. & C. Ry. Co. v. Stommel*, 25 N. E. Rep. 863, it is said:

" Where one approaching a railroad crossing neglects to avail himself of every opportunity to look and listen, and carelessly ventures upon the track, and is injured, such conduct is of itself sufficient to defeat a recovery.

" If a railroad crossing is particularly dangerous, and requires extraordinary effort to ascertain whether it is safe to attempt to pass over it, one familiar with the locality and danger must use care proportioned to the probable danger."

To the same effect are: *Haas v. G. R. & Ind. Railroad Co.*, 47 Mich. 401; *Pa. Railroad Co. v. Beale*, 73 Pa. 504; *Whalen v. N. Y. Central & H. R. Ry. Co.*, 12 N. Y. Sup't, 527; *Merkle v. N. Y. L. E. & W. Railroad Co.*, 49 N. J. L. 473; *Lake Shore & Mich. Southern Railroad Co. v. Miller*, 25 Mich. 274; *Greenwood v. Phil. W. & B. R. Co.*, 124 Pa. St. 572.

We think that in the case at bar the plaintiff in error was entitled to the instruction as asked, and that the same as modified was clearly erroneous. The question of contributory negligence does not depend upon what the defendant company did or did not do, but upon what Nuney did under the circumstances. As stated in 2 Rorer on Railroads, 1019:

" Except in the courts of Georgia and Illinois, and possibly Kansas, the doctrine of what is called contributory negligence is holden in the courts of all the American states; also in the federal courts, and in England. The principle upon which it rests is that, if the plaintiff suing for an injury has in any manner, by his own wrong, negligence, or want of ordinary and reasonable care, directly, that is proximately, contributed to the injury complained of, he cannot recover. As has been said by that eminent jurist, Lord Ellenborough,

' One person being in fault will not dispense with another's using ordinary care for himself.' "

" Failure of employees of a railroad company in charge of a train approaching a crossing to sound the whistle and ring the bell, as required by statute, does not excuse want of care by one crossing the track, and does not enter into the question of contributory negligence on his part." *The Louisville, N. A. & C. Ry. Co., supra.*

See, also, *Schaefert v. The C. M. & St. Paul Ry. Co.*, 62 Ia. 624 ; *Railroad Co. v. Houston*, 95 U. S. 697 ; *Butterfield v. Western Railroad Corporation*, 92 Mass. 532 ; *Havens v. The Erie Railway Co.*, 41 N. Y. 296 ; *Flemming v. The W. P. Railroad Co.*, 49 Cal. 253 ; *Ernst v. The Hudson River Railroad Co.*, 39 N. Y. 61.

A careful examination of the adjudicated cases on this subject satisfies us that the law is settled, beyond dispute, that negligence on the part of a railroad company will not excuse a traveler approaching a crossing from using proper care on his part to avoid danger, and that there can be no recovery if he fails to do so, if such failure contributes to the injury.   A qualification of this rule pertains only in cases where the railroad company has notice of the dangerous situation of the party injured in time to avoid a collision by the exercise of ordinary care, and is " guilty of such conduct as will imply an intent or willingness to cause the injury." *The Bellefontaine Ry. Co. v. Hunter*, 33 Ind. 335 ; *Kansas Pac. Ry. Co. v. Cranmer*, 4 Colo. 524.

No such state of facts exists in this case.   The uncontradicted evidence shows that the engineer could not have seen the team in time to avoid the collision, and it is not contemplated by this instruction that such was the fact; but the gross negligence referred to was the failure to give the signals and in running the train at a rapid rate of speed.   The instruction as modified is a misapplication of this principle upon the facts in this case, and was clearly error prejudicial to plaintiff in error.   The judgment is reversed and cause remanded for a new trial.

*Reversed.*