[S. F. No. 3485.    In Bank.—March 19, 1906.]

## RUBERTA BENNICHSEN, Respondent, v. MARKET-STREET RAILWAY COMPANY, Appellant.

COLLISION WITH STREET-CAR—CONTRIBUTORY NEGLIGENCE—ERRONEOUS INSTRUCTION—AVOIDANCE OF PERIL BY MOTORMAN—IGNORANCE OF PERIL.—In an action by a young girl, through her guardian *ad litem*, for injuries received from collision with a street-car, where there is uncontradicted evidence that the motorman did not see the plaintiff until after the accident, and did not know of her peril, it was error to instruct the jury that even though she or her parents were guilty of contributory negligence, still she was entitled to recover, "if, by reason of negligence on his part, the motorman failed to avoid the accident."

ID.—NEGLIGENCE OF MOTORMAN NOT AFFECTING CONTRIBUTORY NEGLIGENCE.—It is only the power to avoid the accident after actual discovery of the peril of the plaintiff that will render the defendant liable, notwithstanding the contributory negligence of the plaintiff; and neither the mere remissness of the motorman in failing to discover the peril because he was looking back and not in front of him, nor his failure to ring the bell or to give other notice, if required to do so, constituted such negligence as would take the case

out of the rule that one guilty of contributory negligence cannot recover.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

C. W. Cross, for Appellant.

Emil C. Peters, and Bert Schlesinger, for Respondent.

McFARLAND, J.—This is an action to recover damages on behalf of the infant plaintiff for personal injuries alleged to have been caused by being struck by a moving car of defendant. The verdict and judgment were for plaintiff, and defendant appeals from an order denying its motion for a new trial.

The important features of the case are these: At the time of the alleged injuries defendant was operating a double-track electric street railroad on Sansome Street in San Francisco, the street running north and south. Defendant also was operating a similar street railroad on Broadway Street, which runs east and west, crossing Sansome Street. Plaintiff lived with her parents in a house on the southeast corner of Sansome and Broadway, where the two railroads cross each other. She had been going to school for about four years before the accident by which she was injured, and in going to and from school, doing errands, etc., she had been in the habit almost daily of crossing said railroads. She was at the time of the accident almost nine years old—eight years, eight months, and some days. Her mother had frequently cautioned her to be careful in crossing the railroads. The plaintiff herself testified that before the accident when crossing the railroads she would look to see if there was any car coming so that she would not get hurt, and that if she saw a car coming she would wait on the sidewalk until it had passed. On the day of the accident she undertook to cross Sansome Street between Broadway and Pacific Street, which is the next street south of, and parallel with, Broadway, when the car was close at hand going north toward Broadway, and

was struck by it, and injured. She did not look to see if the car was coming. The evidence of defendant was to the point that she ran against the side of the car, and was thrown under it, although the jury may have been justified in finding that she was struck by the front end of the car. Witnesses for plaintiff testified that when they saw her just before the accident she was from eight to ten feet from the car. But under any view of the evidence on this point it is clear beyond doubt that if she had been a person of mature age she would have been guilty of contributory negligence,—negligence which contributed proximately and directly to her injuries. And we need not inquire whether the jury would have been justified, under all the evidence on the point, in finding, that, on account of her age, no negligence could be attributed to her, because the case was tried on the theory, and the jury were instructed, that even though she or her parents were guilty of contributory negligence, still she was entitled to recover if, "by reason of negligence on his part, the motorman failed to avoid the accident," and "if the defendant's employees could have avoided the injury by the exercise of ordinary care."

The case, therefore, was tried upon the theory that there was evidence to bring it within the cases which hold that although the person injured put himself by his own negligence in a place of danger, if the employees in charge of the train discovered his danger in time to prevent injury by the exercise of ordinary care and did not do so, then, notwithstanding the contributory negligence of the injured person, he may recover. But there was no such evidence in the case at bar. There is no pretense that the motorman saw the plaintiff at all at the time of the accident until after it had occurred; on the other hand, it is shown clearly that he did not. The motorman testified that he did not see her, and his testimony is not only uncontradicted, but is confirmed by testimony of the plaintiff. He said that he was looking ahead on Sansome Street, although somewhat to the left or west in order to watch a car that might be coming down Broadway, but that he had Sansome Street in full view, and did not see plaintiff until she had run into the side of the car. And to confirm the fact that he did not see her, one of plaintiff's main witnesses testified that at the time of the accident

the motorman "was looking behind" and that "his face was back he was looking back he was not looking ahead." And, indeed, plaintiff's whole case is argued upon the theory that the negligence of the motorman consisted in his not looking ahead, and that this is the negligence which entitles plaintiff to recover, even though she was guilty of contributory negligence. But no case has gone that far; and to go that far would be to practically destroy the whole doctrine of contributory negligence. There was in this case, therefore, no evidence to justify the jury in finding that there was such negligence on the part of defendant's employees as entitled plaintiff to recover notwithstanding her contributory negligence. Of course, contributory negligence implies some negligence on the part of the defendant; and the general rule is that a plaintiff complaining of personal injuries caused by a train or car, who was himself guilty of negligence which contributed proximately and directly to the injuries, cannot recover, although the defendant was also guilty of negligence. There are exceptions to the rule, however, but they embrace only those cases where a person is by his own negligence in a dangerous situation and is discovered in that position by those in the management of the approaching train in time to prevent injury by the exercise of ordinary care. In the earlier cases the conduct of those in charge of a train who, seeing one in a dangerous position, made no effort to avoid injuring him when it could have been easily avoided, is characterized as "willful and wanton." The cases, however, all hold that the discovery of such a person in a dangerous position in time to prevent injury by the exercise of ordinary care is necessary to constitute an exception to the rule that one guilty of contributory negligence cannot recover. It is not necessary to review the authorities cited by respondent other than the case of *Lee* v. *Market-Street R. Co.,* 135 Cal. 293, [67 Pac. 765], for that is the case most favorable to respondent's contention. But in the Lee case this court, after referring to certain evidence said (italics ours) : "Here, then, was enough to warrant the submission to the jury of the question whether or not the defendant exercised ordinary care *after discovery of plaintiff's situation of peril.* If it did not, then, notwithstanding the negligence of plaintiff, it was liable. The verdict of the jury is a finding to

the effect that they did not believe that defendant's employees exercised proper care *after discovery of plaintiff's situation."* And so that case was decided upon the theory that defendant failed to exercise ordinary care to prevent the accident after discovery of plaintiff's perilous situation. It has been expressly held that a case like the one at bar can be taken out of the doctrine of contributory negligence only where the defendant had actual knowledge of plaintiff's perilous situation. In *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, [74 Pac. 15, 98 Am. St. Rep. 85], this court, speaking through Angellotti, J., after quoting from Beach on Contributory Negligence, said: "It is, of course, true, as urged by defendant, that it is essential to such liability that the defendant did actually know of the danger, and that there is no such liability where he does not know of the peril of the injured party, but would have discovered the same but for remissness on his part." In *Herbert* v. *Southern Pacific Co.*, 121 Cal. 232, [53 Pac. 652], Temple, J., speaking for the court, said: "The case is not within the rule laid down in *Esrey* v. *Southern Pacific Co.*, 103 Cal. 541, [37 Pac. 500]. Doubtless, notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived by the defendant in time, so that by the exercise of ordinary diligence on his part injury can be avoided, the defendant will be held for the injury. But that is based upon the fact that a defendant did actually know of the danger—not upon the proposition that he would have discovered the peril of the plaintiff but for remissness on his part. Under this rule, a defendant is not liable because he ought to have known."

It is not necessary to discuss with much detail the exceptions taken by appellant to rulings of the court in the matter of instructing the jury. The gravest objection to instructions given at request of plaintiff is that, whether or not they are on their face as abstract propositions of law erroneous, they were not applicable to the evidence and undisputed facts in the case, and therefore misleading to the jury. They gave the jury to understand that although plaintiff was guilty of contributory negligence, still they might find for plaintiff if they believed that defendant was guilty of any of the kinds of negligence to which the evidence in any way pointed. But the only negligence of defendant to which the evidence

in any way pointed was the failure of the motorman to ring a bell or give other notice (if, indeed, he was required to ring a bell at that point), and that, as testified to by one of plaintiff's witnesses, he was looking back and not in front of him at the moment when the accident occurred. Assuming that these two things constituted negligence, they were not, under the authorities above quoted, the kinds of negligence which took the case out of the rule that one guilty of contributory negligence cannot recover. For instance, in instruction No. 2, given at the request of plaintiff, the jury were told that "a party having an opportunity by the exercise of proper care to avoid injuring another, must do so notwithstanding that the latter has placed himself in the situation of danger by his own negligence or wrong, and although you should find that the parents of the plaintiff or either of them were careless in permitting the child to go upon the street unattended, or that the child herself was negligent, nevertheless, if the defendant's employees could have avoided the injury by the exercise of ordinary care, then you should find for the plaintiff." Now, in the case at bar, there was no evidence that the motorman "had an opportunity" to avoid injuring plaintiff, or that he discovered her in a perilous situation, but on the contrary it was proven and is admitted that he did not see her at all before the accident; and, therefore, the above instruction could apply to the case only upon the proposition that defendant was liable on account of the asserted negligence of the motorman in not looking ahead at the moment immediately preceding the accident—which is not the law. The same may be said of the court's amendment to instruction No. 13 asked by defendant. We do not deem it necessary to further refer to the instructions given, refused, and modified.

The order appealed from is reversed, and the cause remanded for a new trial.

Beatty, C. J., Angellotti, J., Shaw, J., Henshaw, J., and Sloss, J., concurred.

Rehearing denied.