DENVER CITY TRAMWAY CO. v. COBB.†

(Circuit Court of Appeals, Eighth Circuit. September 5, 1908.) ·

No. 2,558.

1. STREET RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.

The law gives no right of recovery for an injury sustained by a pedestrian in a collision with a car at a street crossing, where both parties are negligent, each disregarding his own duty and seemingly relying upon a performance of the duty of the other, and where the injury resulting from their concurring negligence would have been avoided if the duty of either had been performed.

2. SAME — DUTY OF PEDESTRIAN — LOOKING ALONG TRACKS FOR APPROACHING CAR.

The law requires a pedestrian, about to cross over a street railroad, to look along the tracks to ascertain whether a car is approaching near by, and to do so at a place and time when it will be reasonably calculated to be effectual for his protection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 208.]

3. SAME—CONTRIBUTORY NEGLIGENCE—"LAST CHANCE DOCTRINE."

The exception to the general rule making contributory negligence a defense, known as the "last chance doctrine," does not apply where there is no negligence of the defendant supervening subsequently to that of the plaintiff, as where his negligence is continuous and operative down to the moment of the injury, or where his negligence or position of danger is not discovered by the defendant in time to avoid the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 219.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Howard S. Robertson and Gerald Hughes (Charles J. Hughes, Jr., on the brief), for plaintiff in error.

Stephen W. Ryan and Edmund F. Richardson (Horace N. Hawkins, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action to recover for personal injuries sustained by the plaintiff in a collision with a street car in the city of Denver. In its answer and at the trial the defendant took the position that, even conceding its negligence, the plaintiff was without right of recovery, because of contributory negligence on his part; and our attention has been chiefly directed to the question of whether or not this defense was established so conclusively that a verdict for the defendant should have been directed. In that view of the evidence which is most favorable to the plaintiff, and is yet a reasonably permissible one, the facts are these:

The collision occurred at the junction of Tremont and Broadway streets, where the defendant has a double-track electric street railway passing from one street into and along the other. Broadway extends north and south, and Tremont departs from it in a southwesterly

*Rehearing denied November 7, 1908.

direction at an angle of about 45 degrees. The turn or curve in the car tracks is around the obtuse angle, and the crossing on the line of the west sidewalk of Broadway is diagonal to Tremont; the curb or end of the sidewalk on the south being upwards of 50 feet from the northerly or inbound track. In walking north over this crossing the plaintiff collided with an inbound car and was injured. It was daytime, and there was a plain view of the tracks in both directions, save as it was temporarily obstructed by some moving vehicles. The plaintiff knew of the car tracks and their customary use, and was familiar with the movement of electric cars in large cities. He was 57 years old, was in full possession of his faculties, and frankly confesses that he was in no wise excited or flurried. Before leaving the sidewalk he looked along both streets, but saw no car. The inbound car was approaching in Broadway at the time, and would have been in plain view but for a covered express wagon, which was also approaching in front of it. As he advanced toward the tracks a coal wagon passed into Broadway in front of him, and this temporarily obstructed his view and checked his advance. He then passed by the rear of this wagon and came to be a little south of the southerly or outbound track and about 12 feet from the inbound track. The inbound car was then in plain view, was about 45 feet away, and was approaching at a speed of from 5 to 7 miles an hour, its usual speed at that place. A single witness for the plaintiff estimated that it was moving 15 miles an hour; but other parts of his testimony indicate that his estimate was incorrect, and the other witnesses testifying to that point united in placing the maximum speed at 7 miles. Without any further attempt to look along the tracks, and without observing the car, which continued to be in plain view, the plaintiff advanced to the inbound track and the collision ensued. Immediately before, a light wagon passed along the north side of that track, quite close to it, and this caused him momentarily to check his advance; but he says that he does not remember whether he had then reached that track, and the statement of his principal witness is that the plaintiff and the car reached the point of collision "practically together." Another of his witnesses, who was looking toward this crossing from a point two blocks down Tremont street, says that the car was coming around the curve into that street when the plaintiff was at the south rail of the outbound track. Finally, the evidence as a whole makes it entirely certain that he went in front of the advancing car when to do so was dangerous, when the car could not be stopped in time to avoid a collision, and when, had he, after his view became unobstructed, looked in the direction from which the car was coming, he would have observed its approach in ample time to have made the collision impossible.

The negligence of the defendant consisted in a failure to give a timely signal or warning of the approach of the car, and in a failure to make timely observation of the surroundings at the crossing, so that the speed might be checked, or the car stopped, in time to avoid a collision, if there was occasion to apprehend one. But the injury was not willfully or wantonly inflicted. On the contrary, when it was

discovered that a collision was probable, all was done that could be done to avoid it, and the car was stopped within the shortest possible distance.  We think the case is plainly one where both parties were negligent, each having disregarded his own duty, and seemingly relied upon a performance of the duty of the other, and where their concurring negligence resulted in an injury which would have been avoided if the duty of either had been performed.  In such a case the law gives no right of recovery.  Schofield v. Chicago, Milwaukee & St. Paul Ry. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Chicago & N. W. Ry. Co. v. Andrews, 64 C. C. A. 399, 408, 130 Fed. 65, 74; Id., 195 U. S. 628, 25 Sup. Ct. 787, 49 L. Ed. 351; Chicago, R. I. & P. Ry. Co. v. Crisman, 19 Colo. 30, 34 Pac. 286; Hafner v. St. Louis Transit Co., 197 Mo. 196, 94 S. W. 291; O'Brien v. St. Paul City Ry. Co., 98 Minn. 205, 108 N. W. 805.

But it is urged that the plaintiff's duty was performed because, before leaving the sidewalk, he looked along both streets and saw no car. It must be held otherwise.  The purpose in requiring him to look at all made it necessary that he should do so at a place and time when it would be reasonably calculated to be effectual for his protection. His looking at the time and place selected did not satisfy this requirement.  His view along Broadway was then so obstructed that the car, which the collision showed was in close proximity to the crossing, could not be seen by him.  It was after he passed the coal wagon that his view became unobstructed.  He should have looked again at that time, and his failure to do so was negligence.  Chicago Great Western Ry. Co. v. Smith, 73 C. C. A. 164, 141 Fed. 930; Saltman v. Boston Elevated Ry. Co., 187 Mass. 243, 72 N. E. 950; Bartlett v. Worcester Consolidated St. Ry. Co., 189 Mass. 360, 75 N. E. 706; Hafner v. St. Louis Transit Co., supra; Colorado & S. Ry. Co. v. Thomas, 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681.

It is also urged that the case is within that exception to the general rule making contributory negligence a defense, which is known as the "last clear chance doctrine."  But there are two reasons why that is not so:  First.  The exception does not apply where there is no negligence of the defendant supervening subsequently to that of the plaintiff, as where his negligence is continuous and operative down to the moment of the injury.  St. Louis & San Francisco Ry. Co. v. Schumacher, 152 U. S. 77, 81, 14 Sup. Ct. 479, 38 L. Ed. 361; Illinois Central R. Co. v. Ackerman, 76 C. C. A. 13, 144 Fed. 959; Missouri Pacific Ry. Co. v. Moseley, 6 C. C. A. 641, 57 Fed. 921; Gilbert v. Erie R. Co., 38 C. C. A. 408, 97 Fed. 747.  Second.  The exception does not apply where the plaintiff's negligence or position of danger is not discovered by the defendant in time to avoid the injury.  Chunn v. City & Suburban Ry. Co., 207 U. S. 302, 309, 28 Sup. Ct. 63, 52 L. Ed. 219; Illinois Central R. Co. v. Ackerman, supra; Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 451, 74 N. W. 166, 70 Am. St. Rep. 341; Alger, Smith & Co. v. Duluth, etc., Co., 93 Minn. 314, 101 N. W. 298; Bennichsen v. Market St. Ry. Co., 149 Cal. 18, 84 Pac. 420; Cullen v. Baltimore & P. R. Co., 8 App. D. C. 69; Rider v. Syracuse Rapid Transit Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A.

125; Chicago, R. I. & P. Ry. Co. v. Crisman, 19 Colo. 30, 34 Pac. 286; Denver & R. G. R. Co. v. Spencer, 25 Colo. 9, 52 Pac. 211; Cooley on Torts (3d Ed.) 1442–1445; 3 Elliott on Railroads (2d Ed.) § 1175.

As it follows that a verdict for the defendant should have been directed, the judgment is reversed, with a direction to grant a new trial.