[L. A. No. 3794. Department One.—July 15, 1916.]

## JOHN F. LASSEN, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

NEGLIGENCE—EMPLOYER'S LIABILITY UNDER ACT OF 1911.—Under the Employers' Liability Act of 1911 (Stats. 1911, p. 796), an employer is responsible for the negligence of his employees causing injury to another of his employees, and for all injuries caused by dangers arising from the work itself or from the place where it is carried on; and the contributory negligence of the injured employee does not bar his recovery if it was slight and that of the employer or fellow-servant was gross, in comparison, but in such cases the jury may diminish the damages according to the proportion of negligence chargeable to the employee.

ID.—ROUNDHOUSE EMPLOYEE—NEGLIGENCE OF FELLOW-SERVANT—IMPLEMENT LEFT ON FLOOR—ERRONEOUS NONSUIT.—In this action by an employee in a railroad roundhouse to recover for personal injuries resulting from being struck by a steel chisel alleged to have been negligently dropped, laid, or left on the floor of the roundhouse, and which was caused to fly upward and strike the plaintiff by the falling on it of a heavy piece of metal that the plaintiff was engaged in moving, it is held that the evidence warranted the inference that the chisel had been negligently left in that place by a fellow-servant of the plaintiff; that its presence there made the place dangerous for the work the plaintiff was doing; that under the law as fixed by such statute, the plaintiff did not assume the risk of injury arising therefrom; that the defendant was not excused by the fact that a fellow-servant may have carelessly left it there; but the question whether the plaintiff was guilty of contributory negligence in failing to ·observe the chisel was one of fact for the jury, and that a nonsuit should not have been granted.

ID.—CONSIDERATION OF EVIDENCE ON MOTION FOR NONSUIT.—In deciding a motion for a nonsuit every favorable inference fairly deducible from the evidence produced must be considered as facts proved in favor of the plaintiff. If there is any substantial evidence tending to prove all the facts in issue constituting the plaintiff's case, he is entitled to have the case go to the jury for a verdict on the merits.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Riddle & Cheroske, for Appellant.

Henry T. Gage, W. I. Foley, and W. I. Gilbert, for Respondent.

SHAW, J.—The defendant's motion for a nonsuit was granted and judgment was thereupon given in its favor.  The plaintiff appeals.

The complaint alleges that the plaintiff was employed by the defendant in the capacity of machinist's helper in the defendant's roundhouse in the city of Los Angeles; that on August 9, 1912, while so employed, the plaintiff was directed by the machinist, under whose supervision he worked, to remove a certain "binder," a large heavy piece of steel used in repairing a locomotive, from one part of the roundhouse to and alongside of the pit in which the machinist was working and over which a locomotive was standing; that he proceeded to do so by dragging the binder, and upon arriving at the said pit the plaintiff dropped the end of the binder held by him to the floor, where it struck the end of a steel chisel causing the chisel to fly upward and strike the plaintiff in his left eye, totally destroying his sight therein; that said chisel had been by the defendant or some of its officers or agents negligently and carelessly dropped, laid, or left at the place from whence it struck the plaintiff.

There was a trial by jury and at the close of the plaintiff's testimony the defendant filed a motion for nonsuit, which was granted by the court, judgment thereafter being entered that plaintiff recover nothing in his action and that defendant recover from the plaintiff its costs.

We think the court below erred in granting the motion for nonsuit.  At the time of the injury complained of the Employers' Liability Act of 1911 was in force.  (Stats. 1911, p. 796.)  That statute abolished the previously available defenses of an employer, in an action by an employee for damages from personal injuries, that the plaintiff had assumed the risk of the hazard from which he was injured, and that

the injury was caused by the negligence of a fellow-servant. Consequently, the case must be decided upon the principle that the employer was responsible for the negligence of his employees when such negligence caused injury to another of his employees, and for all injuries caused by dangers arising from the work itself or from the place where it is carried on. That statute also provided that contributory negligence of the employee should not bar his recovery if it was slight and that of the employer or fellow-servant was gross, in comparison, and that in such cases the jury may diminish the damages according to the proportion of negligence chargeable to the employee.

The "binder" referred to was a piece of steel nearly four feet long, four inches thick, five inches wide, and weighed 180 pounds. The plaintiff moved this binder along the floor of the roundhouse from the place where it lay, nine feet from the locomotive pit, to a place by the side of the pit some eighteen inches or two feet therefrom, where it could be easily reached when needed by persons working in the pit. He did this by holding one end in his hands a foot above the floor and allowing the other end to drag along the floor. When he reached the desired place he let go of the binder, dropping the end he was holding to the floor. It fell upon the beveled end of a cold chisel lying there, causing the chisel to fly upward and strike his eye, inflicting the injury complained of. The place was not well lighted; the floor and the chisel were both of a dark color, and he did not see the chisel. He did not know it was there. The machinist used such chisels in his work upon and under the locomotive while in the pit. It was the rule that when not in use the chisels were put in a box kept for that purpose. Sometimes, during hours of work, they would be laid on the edge of the pit, within twelve inches thereof, so as to be reached conveniently from the pit when wanted. All this the plaintiff knew. The end of the binder was dropped at a place from eighteen inches to two feet from the edge of the pit. The evidence would have justified a finding that it was two feet away, and that such chisels were never placed that far away for any proper purpose connected with the work.

If an agent of the defendant, or a fellow-servant of the plaintiff in the service of the defendant, left the chisel at that place, it was clearly an act of negligence. The jury could

reasonably have inferred that it had been carelessly left there by a fellow-servant. Its presence there made the place dangerous for the work the plaintiff was doing, as the event fully proved. Under the law as fixed by said statute, the plaintiff did not assume the risk of injury therefrom, and the defendant is not excused by the fact that a fellow-servant may have carelessly left it there. If the plaintiff was guilty of contributory negligence in failing to observe the chisel, it was a question of fact for the jury. If it so found, the jury might reasonably have concluded that such contributory negligence was slight, and that the negligent act of leaving the chisel there was gross by comparison, in which case the plaintiff would have been entitled to a verdict. In deciding a motion for a nonsuit, "every favorable inference fairly deducible . . . from the evidence produced must be considered as facts proved" in favor of the plaintiff. If there is any substantial evidence tending to prove all the facts in issue constituting the plaintiff's case, he is entitled to have the case go to the jury for a verdict on the merits. (*Estate of Arnold,* 147 Cal. 586, [82 Pac. 252] ; *Davis* v. *Crump,* 162 Cal. 515, [123 Pac. 294].) Applying these rules it is clear that the case should have been submitted to the jury for its decision. There was substantial evidence of all the facts above stated, as well as of the other facts alleged by plaintiff.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.