[Civ. No. 2392.   First Appellate District.—April 9, 1918.]

## SAMUEL D. MAYER, Appellant, v. STERLING ANDERSON et al., Respondents.

NONSUIT—EVIDENCE—INFERENCES.—In deciding a motion for a nonsuit every favorable inference fairly deducible from the evidence produced must be considered as a fact proved in favor of the plaintiff.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH PEDESTRIAN ON CONGESTED CITY STREET—EVIDENCE—PROPER NONSUIT.—In an action for damages for personal injuries received by a pedestrian on a city street from a collision with an automobile, a nonsuit was properly granted on the ground of contributory negligence where the accident happened at one of the busiest crossings at an hour when traffic was heavy, and it was shown that the plaintiff walked out upon the crossing looking straight ahead without glancing to either side, and was absolutely oblivious to the proximity of the car until the moment of the collision, at which time he had traversed about three-quarters of the distance across the street.

ID.—LAST CLEAR CHANCE DOCTRINE INAPPLICABLE.—In such an action, where it is clear from the evidence that the chauffeur did not discover that the plaintiff was or would be in a perilous position in time to avoid the accident, and the negligence of the driver, if any, was not subsequent to and independent of the continuing negligence of the plaintiff, but was contemporaneous with it, the doctrine of "last clear chance" has no application.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

McCutchen, Olney & Willard, for Appellant.

Wm. M. Abbott, Wm. M. Cannon, and Kingsley Cannon, for Respondents.

KERRIGAN, J.—This is an action for damages for personal injuries alleged to have been caused by the defendants' negligence.

The court at the conclusion of the plaintiff's case denied a motion for nonsuit, but the motion being renewed when the defendants had concluded the introduction of their testimony, it was thereupon granted. The propriety of the court's action in this regard is the sole question presented for review.

In considering this same question the court, in the case of *Lassen* v. *Southern Pacific Co.*, 173 Cal. 71, 74, [159 Pac. 143, 144], stated the rule to be applied as follows: "In deciding a motion for a nonsuit, 'every favorable inference fairly deducible . . . from the evidence produced must be considered as facts proved' in favor of the plaintiff. If there is any substantial evidence tending to prove all the facts in issue constituting the plaintiff's case, he is entitled to have the case go to the jury for a verdict on the merits."

Reverting for a moment to the facts of the case, the evidence showed that the plaintiff, at about 5 o'clock on the afternoon of June 26, 1914, was crossing on the northerly side of Market Street, in San Francisco, and was proceeding westward on the crossing between the northeast corner of the intersection of Market and Kearny Streets to the northwest corner of the same intersection, which is also the easterly point of the gore formed by the intersection of Market and Geary Streets. He passed Lotta's fountain, a monument standing on the line of crossing about halfway between the corners above referred to, and had in his progress reached a point on the crossing about midway between the fountain and the northwest corner, when an automobile belonging to the defendants, proceeding southward on Kearny Street toward Market Street, and having crossed the line of Geary Street in its progress, and being about to turn into Market Street, collided with the plaintiff. As a result of this collision the plaintiff fell to the pavement, the fall resulting in very severe injury to him.

It is not claimed that the defendants were operating the car in violation of any speed law. The car was not moving rapidly, the testimony being that upon hitting the plaintiff it was stopped at once. According to the principal witness for the plaintiff, it was going no faster at the time of and just prior to the impact than the plaintiff was walking. But assuming that the evidence introduced by the plaintiff tends to support the claim that the defendants were guilty of negligence, still we think the court committed no error in granting the nonsuit, for the reason that the injuries to the plaintiff were, we think, proximately caused by his own negligence, and for the further reason that the evidence introduced by the plaintiff does not warrant the application of the doctrine of "last clear chance."

According to the undisputed evidence of all his witnesses, the plaintiff, at 5 o'clock in the afternoon, when traffic upon the intersection above described was heavy, walked out upon the crossing looking straight ahead, without glancing to either side, and was absolutely oblivious to the proximity of the automobile right up to the moment of the impact, at which time he had traversed about three-quarters of the distance across the street. Plaintiff was bound to do more than to ascertain whether or not there was any obstruction in his immediate path. He was required to be alert and watchful, and to look up and down the street in order to know whether approaching vehicles were likely to intercept his line of travel. It has been repeatedly stated as the settled rule that the duty cast upon both pedestrian and driver of a vehicle in their use of the public streets is reciprocal and equal, and that neither of them has a right of way superior to the other; yet, in the present case, as stated by counsel for the defendants, we find the plaintiff urging that defendants' chauffeur was bound to maintain "a sharp lookout" at this busy intersection, when he himself personally, as shown by the testimony of his witnesses, neglected to do so.

In *Niosi* v. *Empire Steam Laundry Co.*, 117 Cal. 257, [49 Pac. 185], the court, after stating the rule just referred to, quoted with approval from a New York case as follows: "To enter upon a street-crossing in a city where the moving vehicles are numerous, and a collision with them likely to produce serious injury, without looking in both directions along the street to ascertain whether any are approaching,

and, if so, their rate of speed, and how far from the crossing, would not only be the omission of reasonable care for one's own safety, but an act of rashness. . . . Neither footmen nor teams have any right of way superior to the other. They each have the right in common and equally with the other, and in its exercise are bound to take reasonable care for their own safety, and to avoid doing injury to any others who may be in the exercise of the equal right of way with them.''

As before indicated, the place where the accident occurred is at the time it happened one of the most heavily traveled points in San Francisco, yet the plaintiff, in attempting to cross the street, neglected to take the most ordinary precaution to avoid being injured. His hearing and eyesight were good, and it is clear that if he had looked he would have seen the approaching automobile and could have avoided the collision. It would appear that the accident occurred, as stated by one of the plaintiff's witnesses, by the plaintiff walking into the front left-hand end of the car. However that may be, it is plain that the negligence of the plaintiff directly contributed to and was the proximate cause of the injury. In *Hamlin* v. *Pacific El. Ry. Co.*, 150 Cal. 776, 782, [89 Pac. 1109, 1111], the plaintiff rode along the street-car track on his bicycle for a distance of a block and a half, when a car of the defendant approached from the rear and struck him. The court said: ''All the evidence in the case, the plaintiff's as well as that introduced by the defendant, shows that plaintiff was not aware of the approaching car until it was practically upon him. His health and hearing were good. Under these circumstances it is perfectly plain that his failure to see or hear the car must have been the result of absolute inattention to his situation and surroundings, and that he exercised no care whatever. To this phase of the case the decision in *Everett* v. *Los Angeles Cons. Elec. Ry. Co.*, 115 Cal. 105, [34 L. R. A. 350, 43 Pac. 207, 46 Pac. 889], is applicable, and it is as true here as it was there that as matter of law the plaintiff was guilty of contributory negligence.''

It follows that the plaintiff, having himself been guilty of contributory negligence which contributed proximately and directly to his injury, was not entitled to have the case go to the jury, even if negligence on the part of the defendants

were present, unless it can be said that the plaintiff had established a *prima facie* case upon the doctrine of "last clear chance." We do not understand that he seriously makes any such claim. True, a discredited witness, who was hostile to the defendants, testified that the chauffeur in charge of the automobile was looking at the plaintiff as the latter traversed the crossing, but how far apart they were at the time, or to what precise moment his testimony refers, does not appear. Even if the chauffeur was looking at the plaintiff and saw him just before the accident, there is nothing in the record to indicate that he was bound to know that the plaintiff would place himself in a position of danger. From the evidence it is clear that the chauffeur did not discover that the plaintiff was or would be in a perilous position in time to avoid the accident, and the negligence of the driver, if any, was not subsequent to and independent of the continuing negligence of the plaintiff, but was contemporaneous with it. The doctrine of "last clear chance" has no application to the facts of this case. (*Bennichsen* v. *Market St. Ry. Co.,* 149 Cal. 18, 20, [84 Pac. 420]; *Sauer* v. *Eagle Brewing Co.,* 3 Cal. App. 127, 133, [84 Pac. 425]; *Tucker* v. *United Railroads,* 171 Cal. 702, 705, [154 Pac. 835]; *Thompson* v. *Los Angeles etc. R. Co.,* 165 Cal. 748, [134 Pac. 709].)

The judgment is affirmed.

Zook, J., *pro tem.,* and Beasly, J., *pro tem.,* concurred.