## COVERDALE v. SIOUX CITY SERVICE CO.

(Circuit Court of Appeals, Eighth Circuit. October 25, 1920. Rehearing Denied January 15, 1921.)

No. 5172.

1. Street railroads ☞99 (10)—Automobile driver guilty of contributory negligence.

An automobile driver, approaching a street railroad track crossing a familiar highway at an obtuse angle, bringing the street car coming toward him in the line of his forward unobstructed vision, when he is in a place of safety, who drives on without stopping in time to prevent a head-on collision, is guilty of contributory negligence as a matter of law.

2. Street railroads ☞103 (3)—Last clear chance doctrine held inapplicable.

An automobile driver, injured in a collision with a street car at a highway crossing, cannot recover under the last clear chance doctrine, where the motorman did not apprehend danger until the front end of his car was up to line of the paved strip, about 8 feet from its center, when the automobile was 25 or 30 feet away, and he did everything he could to stop the car, which went 8 or 10 feet further, when the automobile crashed into him.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by J. L. Coverdale against the Sioux City Service Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Paul M. Hatfield, of Sioux City, Iowa (Henderson, Fribourg & Hatfield, of Sioux City, Iowa, on the brief), for plaintiff in error.

J. W. Kindig, of Sioux City, Iowa (Kindig, McGill, Stewart & Hatfield, of Sioux City, Iowa, on the brief), for defendant in error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

HOOK, Circuit Judge. This was an action by Coverdale against the Sioux City Service Company for personal injuries caused by a collision between his automobile and its street car. At the conclusion of the evidence the trial court directed a verdict for the defendant. Coverdale, the plaintiff, prosecuted this writ of error to review the judgment that followed.

[1] It is fairly inferable from the record that the trial court found plaintiff guilty of contributory negligence. We think it plain beyond reasonable question that he was. He was driving his automobile westward on the paved strip or roadway 16 feet in width in the center of a highway, known as the Military Road, leading out of Sioux City, Iowa. He was not unfamiliar with the highway, and knew that the street railroad crossed it and the paved strip on which he was traveling. The angle of the railroad track and the line of plaintiff's movement toward the crossing was obtuse. In other words, the street car did not approach the plaintiff from behind, or at right angles to his course, but came toward him in the line of his forward vision as he traveled westward. The evidence showed, and so clearly that there was no question for the jury, that for considerable distances of both automobile and street car from the crossing there were no temporary or permanent obstructions to a plain view of each by the driver of the other, and that, had plaintiff used ordinary care for his safety, he would have seen the street car in ample time to have stopped, and so prevented the accident. As it was, there was almost a head-on collision, and the front ends of both vehicles were materially damaged. It is true the motorman testified that when he first saw the automobile approaching the crossing it was about a block away, and that he then looked westward to see if anything was coming from that direction. But in looking the other way the motorman was prudent, not negligent, and he had no reason to believe the plaintiff would continue to a point of danger. It is common practice for pedestrians and drivers of vehicles to stop near dangerous crossings, but in a place of safety, and in the absence of exceptional circumstances, not present here, a motorman or engineer may reasonably assume that those approaching on the highway will not venture on the tracks to their peril. Illinois Central R. Co. v. Ackerman, 144 Fed. 959, 76 C. C. A. 13; Denver City Tramway Co. v. Cobb, 164 Fed. 41, 90 C. C. A. 459. See, also, Little Rock, etc., Co. v. Billings, 187 Fed. 960, 110 C. C. A. 80.

[2] Upon his construction of the testimony of the motorman as to the distance of the approaching automobile when he first apprehended danger and as to the distance within which he could stop the street car, counsel invokes the "last clear chance" doctrine. This contention might be answered by the Cobb Case, supra. See, also, Illinois Central R. Co. v. Nelson, 173 Fed. 915, 97 C. C. A. 331. Furthermore, the testimony is misconstrued. Taking his testimony upon this subject in its entirety, and not by disconnected sentences, the motorman said, not that he was 35 feet away from the point of collision when he

first feared danger, but that the front end of the street car was up to the line of the paved strip, about 8 feet from its center, that the automobile was 25 or 30 feet away, that he did everything he could to stop the car, and that it went 8 to 10 feet further, when the automobile crashed into him. In any view of the last clear chance rule, there was no support for it in the testimony of the motorman.

The judgment is affirmed.