## KINNEY v. CHICAGO GREAT WESTERN R. CO.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1927.)

No. 7283.

1. Railroads ⬅️350(33)—Evidence of negligence in operating locomotive colliding with truck held insufficient for jury under doctrine of last clear chance.

Evidence in action against railroad for injuries at crossing by reason of collision of locomotive and plaintiff's truck *held* insufficient to require submission of case to jury on doctrine of last clear chance.

2. Negligence ⬅️83—"Last clear chance" doctrine is inapplicable, unless peril is discovered in time to prevent injury by exercising ordinary care.

Doctrine of "last clear chance" is not applicable, unless peril of injured party is actually

discovered and appreciated in time to prevent his injury by the exercise of ordinary care.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Last Clear Chance.]

3. Negligence ⬅️83—Doctrine of last clear chance is invoked where plaintiff contributed to defendant's negligence, but defendant possesses last opportunity of avoiding injury.

Doctrine of last clear chance, applied as exception of defense of contributory negligence, is to be invoked in case where plaintiff has contributed to negligence of defendant, but where defendant possessed last opportunity of avoiding injury and had knowledge thereof.

In Error to the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

Action by George Kinney against the Chicago Great Western Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Alfred Longley, of Waterloo, Iowa (R. J. O'Brien, of Independence, Iowa, and Edwards, Longley, Ransier & Harris, of Waterloo, Iowa, on the brief), for plaintiff in error.

Clifford V. Cox, of Des Moines, Iowa (Donald Evans and William F. Riley, both of Des Moines, Iowa, on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and KENNAMER, District Judge.

KENNAMER, District Judge. Plaintiff in error sought the recovery of damages from the defendant, for injuries received at a crossing of defendant's tracks, in the town of Eurora, Iowa, by reason of a collision of a locomotive and plaintiff's truck. At the close of plaintiff's testimony the trial court directed a verdict for the defendant, and the only error assigned and presented upon this appeal is the direction of the verdict.

The evidence adduced by the plaintiff is that, on the day of the accident, plaintiff, accompanied by a Mr. Berryman, who was seated beside him, was driving a Ford truck with doors on each side of the cab; that he sought to cross defendant's tracks, which run east and west, traveling in a southerly direction; that plaintiff and Berryman were engaged in conversation, but as they approched the crossing were driving very slowly, and at the rate of from 4 to 5 miles per hour. The first plaintiff knew of an approaching train upon reaching the crossing was the warning given by two small children, who waved their hands and shouted. This warning induced Mr. Berryman to jump from the truck, but plaintiff endeavored to cross the tracks in his truck.

He succeeded in getting the front wheels of the truck across the rail when the locomotive struck the Ford and pushed it along the track, all during which time plaintiff was attempting to get out of the cab. The testimony further discloses that plaintiff was injured as a result of the accident.

The engineer in control of defendant's locomotive at the time of the collision testified that he was proceeding in an easterly direction, at a rate of speed of from 4 to 5 miles per hour; that the speed of the locomotive had been retarded at the station to receive orders, which were received by the fireman; that as the locomotive passed over the crossing the fireman was standing at his left and facing him, reading the orders; that at some distance east of the crossing, approximately 50 feet, he perceived a jar and, slowing down the speed at which the locomotive was proceeding, looked out of the side of the cab window in order to see the front of the engine. Seeing something unusual, he immediately applied the emergency air, and did everything within his power to stop the locomotive as quickly as possible, although he did not know with what he had collided. There was evidence to the effect that plaintiff's body was lying about 174 feet from the point where the truck was struck, and that an engine equipped as the one in the collision, having proper brakes, could have been stopped within a space of from 10 to 20 feet, if running at the rate of from 4 to 5 miles per hour.

Portions of the opening statement to the jury made by counsel for plaintiff should be noted, in which, he said: "The evidence will show, it might as well be stated at one time as another, that after Mr. Kinney got out onto the first of the four tracks which he had to cross (the track on which he was struck being the fourth as he went from the north to the south) the locomotive was in plain sight. There is no reason why he should not have seen that locomotive, but he didn't see it and drove in front of it. He had a friend in the car with him, and he didn't see it either, until just before they got onto the track on which the locomotive was approaching." It is urged by plaintiff in error that defendant could have avoided injuring plaintiff by using ordinary care after defendant had knowledge of plaintiff's peril. It was conceded by counsel for plaintiff in the oral argument that the plaintiff was guilty of contributory negligence, but complains of error in the trial court's direction of a verdict for the defendant.

[1, 2] Plaintiff seeks to impose liability upon the defendant upon the doctrine of "last clear chance," because plaintiff's contributory negligence is so very apparent. We are of the opinion, after a careful consideration of the evidence in the record, that the trial court committed no error in directing a verdict in favor of defendant. The evidence was insufficient to justify the trial court in submitting the case to the jury upon the doctrine of "last clear chance." It is well established in this jurisdiction that the above doctrine is not applicable, unless the peril of the injured party is actually discovered and his peril appreciated in time to prevent his injury by the exercise of ordinary care. Illinois Central Ry. Co. v. Ackerman (C. C. A.) 144 F. 959; Denver City Tramway Co. v. Cobb (C. C. A.) 164 F. 41; Illinois Central Ry. Co. v. Nelson (C. C. A.) 173 F. 915; Hart v. Northern Pacific Ry. Co. (C. C. A.) 196 F. 180; A. T. & S. F. Ry. Co. v. Taylor (C. C. A.) 196 F. 878; Iowa Central Ry. Co. v. Walker (C. C. A.) 203 F. 685; Marshall v. Hines (C. C. A.) 271 F. 166; Miller v. Canadian Northern Ry. Co. (C. C. A.) 281 F. 664; Wheelock v. Clay (C. C. A.) 13 F.(2d) 972; Allnutt v. Missouri Pacific R. R. Co. (C. C. A.) 8 F.(2d) 604.

[3] The "last clear chance" doctrine is one applied by courts as an exception to the defense of contributory negligence. It is to be invoked in cases where plaintiff has contributed to the negligence of the defendant, but in which case the defendant possessed the last opportunity of avoiding the injury, and further that the defendant knew of such. In the instant case there was not sufficient evidence to justify the inference that defendant's engineer, after discovering the peril of plaintiff, failed to use ordinary care to prevent the injury. A careful examination of the record fails to disclose any substantial evidence upon which the jury could have predicated a finding that the engineer in control of the locomotive, upon discovery of plaintiff's peril or that the locomotive had collided with something, failed to use all reasonable precautions to prevent injury.

The undisputed testimony of the engineer is to the effect that he did not discover the presence of the plaintiff on the track in front of the engine until after he was injured. The evidence is uncontradicted that when perceiving the jar or jerk, the engineer looked to see what, if anything, had caused the same, that he could see some object protruding a very short distance, and before discovering what had been struck, applied his brakes and reversed the engine. We are unable to find in the record any evidence from which any other

inference may be drawn than that the engineer exercised that degree of care and prudence which the law requires of him to avoid and prevent injury. There is no evidence in the record showing that the defendant company's locomotive was not properly equipped with brakes, etc., and no negligence has been established as to the construction or condition of the locomotive.

The judgment of the trial court is affirmed.