## TURNBULL v. NEW ORLEANS & C. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1903.)

No. 1,186.

1. DEATH BY WRONGFUL ACT — CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE.

In an action for death by wrongful act, an instruction that the defense of contributory negligence will not avail if defendant, by the exercise of reasonable care, could have avoided the accident, correctly states the law, and is not objectionable as being too broad or misleading.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana, at New Orleans.

E. Howard McCaleb, for plaintiff in error.

Henry P. Dart and Benj. W. Kernan, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The plaintiff in error has assigned many alleged errors in the action of the Circuit Court on the trial of this case. We will notice only one of them. It is stated in these words:

"The court erred in refusing to charge the jury, as requested by plaintiff, as follows: 'In an action like this for damages against a railroad company by the surviving parent for the injury, suffering, and loss of his son, run over and killed by a car of the defendant company, the defense of contributory negligence will not avail if, by reasonable care on the part of those in charge of the electric car, the accident could have been avoided.' And the reasons assigned by the court for refusing said charge are contrary to the jurisprudence of the federal courts."

The reasons just referred to are shown in the record to be as follows:

"The trial judge states that his reason for refusing said charge was that the same was too broad and misleading. The trial judge stated the true rule to the jury in the general charge, as follows: 'Therefore I say to you that in this case, if you find that the railroad company was at fault—that the fault of the railroad company caused the injury—that, however much the child was negligent, yet, if you find that the motoneer discovered the danger of the child in time to save the child, and did not do so, why the child could recover, notwithstanding the child's own contributory negligence. And I charge you further that if you find in this case that the conduct of the motoneer or the railroad company evinced such a reckless disregard of the life and safety of the child as to amount to a willful injury, then the child could recover, regardless of its own contributory negligence.' The instruction asked for is evidently based upon the case of Davies v. Mann, 10 Mees. & W. 546, which, as misunderstood by some, has been the cause of much trouble and confusion in cases for personal injuries. Beach on Contributory Negligence, 27, 28, 10, 11, 55, and 201. It is plain that the instruction asked for is a nullification of the doctrine of contributory negligence. The Supreme Court of Louisiana has so said. Cowden v. Railway Co., 106 La. 238, 30 South. 747. The doctrine of Davies v. Mann, as incorrectly stated by some courts, has never been the law of the federal courts. On this point a number of cases could be cited. Mr. Thompson, in his recent excellent work on Negligence, shows that an instruction such as the one in hand leaves the jury without a guiding rule. All the authorities agree that a plaintiff cannot recover for

¶ 1. See Negligence, vol. 37, Cent. Dig. § 115.

personal injuries, if, by due care, he could have avoided the injury. Therefore an instruction to that effect should clearly be given to the jury. If thereupon the jury are told that the plaintiff can recover, notwithstanding his contributory negligence, if the defendant, by due care, could have avoided injuring him, it is clear that the instructions are conflicting, and the jury are left in hopeless confusion. Of course, when no question of contributory negligence on the part of the plaintiff is involved, it is proper and right to charge that the defendant is liable, even if he did not discover the danger, provided he could have avoided the injury by exercising due care. In such a case there is negligence only on one side. But whenever the plaintiff contributes to his own injury by his negligence he cannot escape the effect of his negligence by showing that the defendant could, by the exercise of due care, avoid doing the injury. It is simply a case of two persons at fault. If the doctrine of contributory negligence is to be maintained, it is clear that the instruction asked for was properly refused."

The son of the plaintiff, for whose injury, suffering, and loss damages are claimed, was an infant eight years of age. The language of the requested charge assumes that it was applicable to the evidence on the point to which the request was directed, and the language of the charge given by the judge, set out in his reasons for refusing the request, must be taken as conceding that the evidence in the case called for a proper charge on the point. It appears from this action of the circuit court, and from its action on numerous other requests for charges submitted by the plaintiff and refused, or given only in part, or given as modified, that the mind of the very learned and careful trial judge had become settled in the conviction that the only cases in which a person who has been injured partly through his own negligence and the negligence of another can recover are those where, although the party injured was negligent, the party who did the injury saw the danger in time to have avoided it, and could have avoided it, and did not do it. In the recent excellent work on Negligence of Mr. Thompson, to which the trial judge refers, that distinguished text-writer says, in substance, that the old rule on the subject of contributory negligence was that no recovery could be had where, by exercising ordinary care, the party injured could have avoided the consequences of defendant's negligence. He says that this was a harsh rule, but that it had the merit of certainty. It could seldom be misapplied by the court, or misunderstood by the jury; but it soon received at the hands of the courts a qualification so called, viz., that, although the plaintiff was guilty of the want of ordinary care contributing to the injury, yet this will not prevent him from recovering damages of the defendant, if the defendant might, nevertheless, have avoided the injury by the exercise of ordinary care on his part. Commenting on the old rule and this qualification, so called (as he describes it), he says these doctrines remain little more than metaphysical abstractions, tending to confuse the courts and juries, and to defeat the ends of justice, unless there can be extracted from them a definite practical rule or rules. He says that he is convinced, after further study of the adjudications of both the English and American courts, that the whole subject of contributory negligence remains in a state of great confusion and uncertainty; that the doctrinal formulas already laid down (in the preceding sections of his work) are reiterated in many judicial opinions without their import being under-

stood by the judges who make use of them, and that even those judges who, by study, seem to have acquired definite theoretical views of the import of these expressions, are unable to agree upon any definite rules with respect to their application; that nothing will better convince one of this than the diversity of opinion among the English judges and law lords in the case of Radley v. London & Northwestern Railway Company, 1 App. Cas. 754, wherein these judges and lords all appear to have agreed that the doctrine of Davies v. Mann was the settled law of England, but their opinions were diverse as to the application of the rule.

In further discussing the qualification of the old rule, Mr. Thompson says that when the defendant is driving an instrument of danger, such as a railway train, or is doing something of such a nature that, unless extreme caution is used, it is likely to lead to mischief, the law so far conforms to the dictates of humanity and enforces the plain obligation or moral duty as to require the defendant to keep a constant lookout, and to exercise an unremitting diligence, which is no more than requiring him to exercise a degree of care in proportion to the danger to others, to the end that they may not be injured; and this duty especially arises in favor of children, the aged and infirm, and in general in favor of those who, by reason of physical or mental decrepitude, are incapable of caring for themselves. The subtitle of the section in which the language just referred to is used is in these words: "Or When He Ought to Have Discovered Plaintiff's Negligence." Section 239.

In the case of Inland & Seaboard Coasting Company v. Tolson, 139 U. S. 558, 11 Sup. Ct. 655, 35 L. Ed. 270, the Circuit Court had instructed the jury as follows:

"There is another qualification of this rule of negligence, which it is proper I should mention. Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet the contributory negligence on his part would not exonerate the defendant, and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of plaintiff's negligence."

Of this instruction Mr. Justice Gray, as the organ of the court, said:

"The qualification of the general rule, as thus stated, is supported by decisions of high authority, and was applicable to the case on trial."

He cites numerous cases, naming first Radley v. London & Northwestern Railway, 1 App. Cas. 754.

In Grand Trunk Railway Company v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, Mr. Justice Lamar refers to the generally accepted definitions of contributory negligence as laid down by the courts and by text-writers, and, without going into a discussion of them, or even attempting to collate them, states:

"That the generally accepted and most reasonable rule of law applicable to actions in which the defense is contributory negligence may be thus stated: 'Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained

if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years (having been first enunciated in Davies v. Mann, 10 M. & W. 546): that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence."

The requested charge which we are discussing is almost identical in its language with the first headnote to the opinion in the case of Thomas McGuire et al. v. The V. S. & P. R. R. Co., 46 La. Ann. 1543, 16 South. 457. In that case the qualification of the old rule is most strenuously applied. It is likewise given controlling application in the subsequent case of Lampkin v. McCormick, 105 La. 418, 29 South. 952, 83 Am. St. Rep. 245. It is most elaborately discussed and approved and supported in a still more recent case decided by the Supreme Court of Louisiana. McLanahan Tudor v. The V. S. & Pacific R. R. Co., 34 South. ——.

After a careful examination of a number of recent decisions of the courts of highest authority and of the most approved text-writers, we conclude that the requested charge was not too broad, and was not misleading, and that the excerpt from the trial judge's general charge does not fully state the true rule, but omits to instruct the jury that, if the motoneer ought to have discovered the danger of the child in time to save it, he could recover, notwithstanding his own contributory negligence. It is always true, and cannot be too strongly impressed on the minds of trial judges, that instructions to juries should avoid abstractions, and get as close as may be to the particular issues and evidence in the case on trial. Those issues and that evidence are always more clearly in the view of the trial judge than they can be brought by any record to the attention of a court of errors, and therefore we refrain from propounding a charge which, in our view, would have stated the true rule to the jury on the trial of this case. For the reasons that we have suggested, rather than elaborated, we conclude that the assignment of error which we are discussing was well taken, and requires us to reverse the judgment of the Circuit Court.

It is therefore ordered that the judgment of the Circuit Court be and is hereby reversed, and this case is remanded to that court, with instructions to award the plaintiff therein a new trial.