### GREAT NORTHERN RY. CO. v. HARMAN.

#### (Circuit Court of Appeals, Ninth Circuit. November 16, 1914.)

#### No. 2372.

1. RAILROADS (§ 376*)—INJURIES TO TRESPASSERS—LAST CLEAR CHANCE.

Where plaintiff, a trespasser on defendant's railroad track, was injured while endeavoring to remove a push car from the track in front of an approaching train, the fact that he was unlawfully on the track did not place him beyond the pale of the law, nor relieve defendant from liability for injuring him, in case the injury could have been prevented by the exercise of due care on the part of the approaching engineer after plaintiff's position of danger was actually seen and appreciated.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1275–1279; Dec. Dig. § 376.*]

2. RAILROADS (§ 381*)—PERSONS ON TRACK—TRESPASSERS—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, a trespasser on defendant's railroad track, on seeing an approaching train, attempted to remove a push car from the track, but was unable to do so in time to prevent a collision, his attempt to remove the car, instead of exercising all his efforts to avoid personal injury, leaving the push car on the track, was not such contributory negligence, continuing up to the time of the accident, as would preclude a recovery under the last clear chance doctrine.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1285–1293; Dec. Dig. § 381.*

Care required of railroads as to trespassers on or near tracks, see note to Louisville & N. R. Co. v. Womack, 97 C. C. A. 566.]

In Error to the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Action by Charles Harman against the Great Northern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Veazey & Veazey, of Great Falls, Mont., for plaintiff in error.

Maury, Templeman & Davies, of Butte, Mont., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff had been working as a carpenter in the employment of certain railroad contractors, who were

engaged in relining a tunnel on the defendant's road. On being discharged from his work, the plaintiff took a push car belonging to the defendant, placed thereon his tool chest, blankets, and personal baggage, and, accompanied by another man, proceeded to push the car along the track of the defendant from the tunnel to Basin, a station where he expected to take a train in the direction of Butte. He claimed the right so to use the push car on the ground that the railroad track was the only available way to Basin, that if he took the county road he would have to wade a creek, he having no money with which to pay for a livery team, that the track from the tunnel to Basin was a general thoroughfare for employés on the tunnel work, and that the push car had regularly been used by them in carrying emergency supplies from Basin to the tunnel. While on his way, and while he and his companion were pushing the car around a curve, the plaintiff saw a train 400 or 500 feet ahead, approaching at a speed variously estimated by the witnesses at from 20 to 45 miles an hour. While he was diligently endeavoring to remove the push car and its load from the track, and when he had almost succeeded in doing so, the train struck the push car, driving it against the plaintiff, and seriously injuring him.

The court below ruled that the plaintiff was at the time of the accident a trespasser upon the defendant's tracks, and that in using the push car as he did he was guilty of contributory negligence. The plaintiff's action for damages, however, was tried upon the theory that the defendant had "the last clear chance" to avoid injuring the plaintiff, and that it negligently failed in its duty so to do.

[1] It is assigned as error that the court denied the defendant's request for a peremptory instruction to the jury to return a verdict in its favor. On a careful consideration of the evidence we are not convinced that it was error to deny the request. There was evidence tending to show that, after the engineer of the train discovered the plaintiff's danger, he had ample time in which to bring the train to a stop before reaching the place where the plaintiff was. In view of such evidence, the question whether or not the defendant was guilty of negligence in the matter charged was properly submitted to the jury.

The defendant contends that the wrongful and unlawful conduct of the plaintiff, involving moral turpitude, placed him beyond the law of care, and that the defendant owed him no duty to avoid injuring him, even after his perilous position was seen. No authority is cited which sustains so harsh a doctrine. In Missouri & Pac. Ry. Co. v. Weisen, 65 Tex. 447, the court said:

"A man does not forfeit his life, or his right to remain whole, by going where he has no right to go, or being where he has no business."

Cases are cited in support of the proposition that one who is engaged in violation of law cannot recover if his own illegal act was an essential element of his case. In the case at bar the plaintiff was engaged in no violation of a statute. It is true that he was a trespasser, but notwithstanding that fact the defendant's employés in charge of the operation of the train owed him the duty of ordinary

care as soon as his position of danger was actually seen and appreciated. A cause of action arose in his favor, if the defendant actually knew of his peril and thereafter failed to exercise ordinary care to avoid injuring him; and the plaintiff's contributory negligence cannot defeat the action, if it can be shown that the defendant might by the exercise of reasonable care and prudence have avoided the consequences of that negligence. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Chunn v. City & Suburban Ry. Co., 207 U. S. 302, 28 Sup. Ct. 63, 52 L. Ed. 219; Turnbull v. N. O. & C. R. Co., 120 Fed. 783, 57 C. C. A. 151; Herr v. St. Louis & S. F. R. Co., 174 Fed. 943, 98 C. C. A. 550; The Plymouth, 186 Fed. 108, 108 C. C. A. 217; St. Louis & S. F. R. Co. v. Summers, 173 Fed. 358, 97 C. C. A. 328; Atchison, T. & S. F. Ry. Co. v. Taylor, 196 Fed. 878, 116 C. C. A. 440.

[2] But it is urged that the court erred in refusing to instruct the jury that if, after seeing the approaching train, the plaintiff remained on the track in an endeavor to remove the push car, his carelessness in so doing continued as a cause of his injury, and that, therefore, he cannot recover, notwithstanding that the defendant in the exercise of reasonable care might have stopped the train in time to avoid striking him. The cases which are cited to sustain this proposition do not involve the doctrine of the last clear chance. We do not find that what the plaintiff did under the circumstances shows such obvious disregard of duty and safety as amounts to misconduct which the courts should declare to be negligence as a matter of law. The question was clearly one for the jury. Linnehan v. Sampson, 126 Mass. 506, 30 Am. Rep. 692; Mobile & O. R. Co. v. Ridley, 114 Tenn. 727, 86 S. W. 606, 4 Ann. Cas. 925; Corbin v. City of Philadelphia, 195 Pa. 461, 45 Atl. 1070, 49 L. R. A. 715, 78 Am. St. Rep. 825; Maryland Steel Co. v. Marney, 88 Md. 482, 42 Atl. 60, 42 L. R. A. 842, 71 Am. St. Rep. 441; Saylor v. Parsons, 122 Iowa, 679, 98 N. W. 500, 64 L. R. A. 542, 101 Am. St. Rep. 283; Becker v. Louisville & N. R. Co., 110 Ky. 474, 61 S. W. 997, 53 L. R. A. 267, 96 Am. St. Rep. 459; Pennsylvania Co. v. Langendorf, 48 Ohio St. 316, 28 N. E. 172, 13 L. R. A. 190, 29 Am. St. Rep. 553.

The defendant, in view of the obstruction on the track and the plaintiff's peril, was in duty bound to stop the train if possible. The situation was not like that in which an engineer of a train sees a man walking on the track several hundred feet ahead of him, and has the right to assume that the man will get out of the way. It was a situation in which the engineer discovered men on the track with a push car, which if it were not removed, and the train were not stopped, might occasion a disastrous collision. He saw that the two men were in the act of removing the push car, yet, according to the plaintiff's testimony, the speed of the train had not been perceptibly diminished when the collision occurred. The plaintiff had knowledge and experience in the handling of trains, as was shown by the evidence, and on seeing the approaching train may well have assumed that it would be brought to a stop before reaching the place where he was. He was acting in an emergency, with but a moment for deliberation, and what

217 F.—61

he did was presumably for the purpose of avoiding injury to the passengers on the train. His conduct in so doing should not be held to absolve the defendant from the duty of reasonable care under the last clear chance doctrine, and it should not be held as matter of law that it was the duty of the plaintiff, on seeing the approaching train, to betake himself to a place of safety and abandon the car on the track, with all the possible resulting consequences. In 29 Cyc. 523, it is said:

"The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, and one who attempts to rescue another from imminent danger is not guilty of contributory negligence, although he thereby imperils his own life, whether he is aware of the danger or not, where such attempt is made in good faith, in the belief that he could save the life of the person in danger and avoid injury himself, unless the attempt be made under circumstances amounting to rashness or recklessness in the judgment of a man of ordinary prudence. Error in judgment at such time will not defeat recovery."

The judgment is affirmed.