SALT LAKE & U. R. CO. v. TRUMBULL.

(Circuit Court of Appeals, Eighth Circuit. November 28, 1917.)

No. 4773.

1. STREET RAILROADS ⊂⟩117(34)—INJURIES TO PERSONS ON TRACKS—DISCOVERED PERIL.

Plaintiff, while proceeding south along the sidewalk of a street, stepped on a switch track running across the sidewalk and connecting with the main tracks on the street. A car, which had discharged its load at a point south of the switch, was started onto the switch track by a sudden application of power, and struck plaintiff as she stepped onto the track. The motorman, though seeing plaintiff approaching and that she was unaware of the oncoming car, applied the emergency brake, but gave no signal of his approach, which would have enabled her to step back to a point of safety. *Held* that, although plaintiff might have been guilty of contributory negligence, it could not be declared as matter of law the proximate cause of the injury, but the question whether plaintiff's contributory negligence, or the negligence of the motorman after discovering her position of peril, was the proximate cause of the injury, was properly submitted to the jury.

2. STREET RAILROADS ⊂⟩117(23)—PERSONAL INJURIES—DIRECTED VERDICT—PROPRIETY.

Where the question of the negligence of the motorman after discovering plaintiff's peril was presented by the evidence, a verdict should not have been directed for defendant on the ground that plaintiff was guilty of contributory negligence.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by Julia A. Trumbull against the Salt Lake & Utah Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Frank Evans, of Salt Lake City, Utah (Henry I. Moore and Evans, Evans & Folland, all of Salt Lake City, Utah, on the brief), for plaintiff in error.

J. J. Whitaker, of Salt Lake City, Utah, for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. The plaintiff in this action recovered a judgment against the defendant company for personal injuries. By

this writ of error the company challenges the refusal of the court to direct a verdict in its favor and the giving of an instruction relating to negligence of the motorman after his discovery of plaintiff's peril.

The plaintiff, at about noon of a bright March day, was walking south along the sidewalk on the west side of First West street in Salt Lake City. The length of the block she was passing was 660 feet. About 200 feet south of the north end of this block the company's switch track ran westerly across this sidewalk, connecting the main tracks along the street and the car barns situated upon a portion of this block. The sidewalk was of cement, and the rails that crossed it were of the same height as the walk. Between the rails there was planking, except for a space of 2 inches inside of each rail, where the flanges of the car wheels ran. The planking also extended outside of such rails for a distance of less than 2 feet and met the end of the cement sidewalk. This planking was very nearly of the same color as the cement walk, and was also about level with it and with the top of the rails at this crossing. This switch track curved southwesterly from the point of the switch in the street until it crossed this sidewalk, a distance of about 140 feet. The company's car had discharged its load at a point south of the point of the switch and had been started on the switch by a sudden application of the power through an overhead trolley. This impulse was sufficient to drive the car around this curve, across the walk, and into the car barn yards. The plaintiff was struck by the car as she was about to walk over the switch track at the sidewalk crossing.

[1] The court submitted to the jury issues whether the motorman was negligent in failing to give warning of the car's approach, in failing to keep the car under control and at proper speed, and also whether plaintiff exercised due care in approaching the crossing. The court also gave the instruction:

"If you find that the defendant was negligent, and you further find that the plaintiff was negligent, and the accident resulted from plaintiff's negligence, then your verdict should be for the defendant, unless you further find from the evidence that the motorman could have avoided the accident by the use of ordinary care, if he saw, or if he did see, or by the use of ordinary care could have seen, that the plaintiff was on or about to pass upon the railroad track, or about to come into such close proximity to the car as to be struck by it; and if he failed under those conditions to exercise reasonable care to avoid injuring the plaintiff, then your verdict should be in favor of the plaintiff."

The company now contends that this instruction was not justified by the evidence, because the undisputed testimony shows that plaintiff was guilty of contributory negligence which continued until the moment of collision, as she heedlessly walked upon the track directly in front of the moving car. In support of this claim reference is made to the case of Denver City Tramway Co. v. Cobb, 164 Fed. 41, 90 C. C. A. 459, and to the principle declared therein, that where there is no negligence of the defendant supervening subsequently to the negligence of the plaintiff, as, where plaintiff's negligence is continuous and operative down to the moment of his injury, the plaintiff may not recover. The opinion in that case stated that all was done

that could be done to avoid a collision when it was discovered that one was probable.

In the present case there was evidence from which the jury could find that the motorman saw the plaintiff approaching the crossing and that she was unaware of the oncoming car; that just as she stepped to the point where the edge of the car would not clear her, and before she stepped to the first rail, he applied the emergency brake; that the car was going so slowly that he could have stopped the car in time to avoid injuring her; that he did not give a signal to her by the whistle, although the means was ready at his hand, nor did he call out to her; that a slight step backwards would have carried the plaintiff beyond reach of the car, had she been made conscious of its approach. These circumstances do not require a legal conclusion that the plaintiff's negligence was continuous until the car struck her, and was in part the proximate cause of her injury, for, as soon as she had advanced to a point where the side of the car would not clear her, her prior act of walking into peril had culminated. A later act of negligence of the company then occurred, if the motorman failed to use due care to give her warning and opportunity for escape after he had discovered her perilous position, and this act was the latest in succession of the causes of the accident and gave a cause of action to plaintiff, arising after her original acts of negligence had ended. Chunn v. City & Suburban Railway, 207 U. S. 302, 28 Sup. Ct. 63, 52 L. Ed. 219; Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; Hart v. Northern Pac. Ry. Co., 196 Fed. 180, 116 C. C. A. 12; St. Louis & S. F. R. Co. v. Summers, 173 Fed. 358, 97 C. C. A. 328; Herr v. St. Louis & S. F. R. Co., 174 Fed. 938, 98 C. C. A. 550; Great Northern Ry. Co. v. Harman, 217 Fed. 959, 133 C. C. A. 631, L. R. A. 1915C, 843.

[2] The other assignment of error relied upon complains of the failure of the court to direct a verdict in favor of the defendant at the conclusion of the testimony, because the plaintiff had been shown to be guilty of contributory negligence as a matter of law. It is said that the car was moving at a reasonable rate of speed, in broad daylight, with nothing to obstruct plaintiff's view of the approaching car, or to prevent her hearing it, and that she recklessly walked forward to where she was struck. As we have already stated, there was sufficient evidence from which the jury could find that there was an act of negligence on the part of the motorman, after plaintiff's acts had carried her into peril. There was therefore no error in refusing the direction of a verdict for the defendant.

The judgment will be affirmed.