## STANDARD OIL CO. v. McDANIEL.

(Court of Appeals of District of Columbia. Submitted April 5, 1922. Decided May 1, 1922.)

### No. 3719.

**1. Municipal corporations ⟨⟩706(8)—Evidence held to authorize instruction under last clear chance doctrine.**

Evidence that plaintiff's intestate started across the street diagonally away from defendant's approaching truck and without paying attention to the truck, whose driver was sounding his whistle and horn, and that the driver of the truck, though intestate was in plain view and could have been avoided by stopping the truck or swerving to the right, made no attempt to do either until he was within two feet of intestate, warranted the court in giving an instruction authorizing verdict for the plaintiff under the last clear chance doctrine.

**2. Municipal corporations ⟨⟩705(10)—Possibility that pedestrian could have saved himself at any moment does not prevent recovery under last chance doctrine.**

The fact that a pedestrian, injured by a truck, could have saved himself by the exercise of the slightest degree of care at any time before he entered upon the line of danger, does not prevent recovery under the last chance doctrine, where the driver could have seen that the pedestrian was oblivious to the danger and could have avoided the accident.

**3. Municipal corporations ⟨⟩705(10)—Concurrent negligence no defense to recovery under last chance doctrine.**

Where the evidence warranted a recovery by plaintiff under the doctrine of last clear chance for the death of his intestate, caused by defendant's motor truck, a charge requested by defendant that there could be no recovery if the injury was caused by the concurrent negligence of both parties was properly refused, since the rule of concurrent negligence does not defeat recovery under the last chance doctrine, which considers the negligence of the party having an opportunity to avert the accident as the sole proximate cause of the injury.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Municipal corporations** ⊕⇒706(8)—Requested instruction that truck driver
could presume pedestrian would save himself until danger was imminent held
properly refused.

In an action for the death of a pedestrian, who was struck by defend-
ant's motor truck, a requested instruction that the truck driver could
presume that pedestrian would exercise reasonable care so long as the
danger of striking him did not appear imminent was properly refused,
since the word "imminent" does not indicate how near the danger must be,
and the test is whether the driver employed reasonable care, which is
usually a question for the jury.

Appeal from the Supreme Court of the District of Columbia.

Action by Samuel Leigh McDaniel, as administrator of the estate
of Samuel B. McDaniel, deceased, against the Standard Oil Company.
Judgment for plaintiff, and defendant appeals. Affirmed.

Joseph T. Sherier, of Washington, D. C., for appellant.

Wilton J. Lambert and R. H. Yeatman, both of Washington, D. C.,
for appellee.

SMYTH, Chief Justice. This is an action to recover damages for
the death of plaintiff's intestate through the negligence of the defend-
ant, appellant here. From a judgment on the verdict of a jury, de-
fendant appeals.

On the morning of the accident employés of the defendant drove
two large trucks, loaded with gasoline, each weighing about seven tons,
west on Pennsylvania Avenue, N. W., to Eighth street, then turned
into Louisiana avenue, where it intersects that street, and proceeded
southwest. There is evidence that the trucks were racing. The one
in the lead was driven by a man named Hargett. Pedestrians were
compelled to run in order to avoid being struck by it. As it proceed-
ed, McDaniel, who was some distance in front of it, left the south curb
of the avenue, where he had been talking with another person, and
went diagonally in a northwesterly direction across the avenue. As he
did he seemed to continue conversation with the person whom he had
left behind, all the time keeping his head turned to the left and away
from the advancing truck. He had reached about the center of the
avenue when the truck struck him. There was nothing to obstruct Har-
gett's view of McDaniel for a considerable time before the accident
occurred. He admitted that he saw him crossing the avenue some time
before he struck him, that his head was turned away from him, and
that he showed no appreciation of the approaching danger although
he (Hargett) blew the whistle and sounded the Klaxon on the truck.
But he did not apply the brakes until he came within two feet of Mc-
Daniel. There was plenty of room for Hargett to turn to the right
and thus avoid the collision, but he did not do so. Instead he contin-
ued straight ahead. It must have been perfectly apparent to him that,
if McDaniel did not awaken to his peril, he would be struck, unless the
truck was stopped or swerved to the right, and it was in his power to do
either.

[1] The complaint of the appellant relates to the granting of a
prayer requested by the plaintiff and to the refusal of three prayers

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

made by appellant. The prayer given at the instance of the plaintiff said in effect that, if McDaniel was guilty of negligence in exposing himself to risk of injury, nevertheless, if Hargett saw, or by the exercise of reasonable care could have seen, him in time to avoid injury, and negligently failed to do so, the jury should find for plaintiff. The objection to this is based on the assumption that there was not sufficient evidence to warrant the jury in finding that Hargett was guilty of negligence after he had discovered, or could have discovered, McDaniel's peril. We cannot accede to this. From the facts we have recited it must be patent that there was quite enough evidence to warrant the jury in finding that if Hargett had used reasonable care he could have avoided the collision. We recently held in Bremmerman v. Georgetown & T. Ry. Co., 50 App. D. C. 378, 380, 273 Fed. 342, on facts quite similar to those now before us, that there was sufficient to sustain a finding of negligence on the part of the defendant. In that case the motorman on a street car saw the person approaching the track diagonally, so that his back was partly turned to the advancing car. He showed no sense of consciousness that danger was near. The motorman did nothing to stop the car until it was too late. The court said:

"It should have been apparent to a reasonably prudent person, situated as was the motorman on the rapidly approaching car, that the decedent was not aware of the approach of the car, and therefore did not appreciate his peril. * * * But he failed to do anything, either to warn the decedent or arrest the speed of the car, until the accident was unavoidable."

The same must be said of the driver in the instant case. A like doctrine was announced in Capital Traction Co. v. Apple, 34 App. D. C. 559; Washington Railway & Electric Co. v. Cullember, 39 App. D. C. 316; Washington-Virginia Railway Co. v. Himelright, 42 App. D. C. 532; and it is the settled law in this jurisdiction.

[2] Appellant urges that the exercise of the slightest degree of care at any moment before McDaniel reached the line of danger would have saved him. Perhaps so, but that is immaterial. This case does not turn on his negligence, but on the negligence of Hargett after he, as a reasonably prudent man, had reason to believe that McDaniel was unconscious of the approaching danger. Where the driver of a truck observes, or should observe, a person about to cross in front of him, and it is reasonably apparent that he does not appreciate that danger is near, the driver should employ all reasonable means in his power to avoid injuring him. He should proceed on the theory that the pedestrian may continue in his course heedless of his peril, and therefore should bring his vehicle under control so that he may stop if necessary before striking. He has no right under such circumstances to act on the assumption that the pedestrian will halt in time to save himself, or, if he does not, and is injured, that the fault will be his and not the driver's. It is the law that—

"The contributory negligence of the party injured will not defeat the action, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 687 (36 L. Ed. 485), citing several cases.

The same view is expressed in Chunn v. City & Suburban Railway, 207 U. S. 302, 309, 28 Sup. Ct. 63, 52 L. Ed. 219, which went up from this District.

[3] Appellant asked the court to instruct the jury that, if they believed that McDaniel and the driver were at fault, and that the injury was caused by the concurrent negligence of both parties, there could be no recovery by the plaintiff. Under the facts of the case, if the instruction had been given, it would have nullified the one with respect to the doctrine of last clear chance. The rule of concurrent negligence was modified a long time ago by Davies v. Mann, 10 Mees. & W. 545, so as to admit the last-named doctrine. 1 Thomp. Neg. § 241, and cases cited in note.

"The party who has the last opportunity of avoiding accident is not excused by the negligence of any one else. His negligence, and not that of the one first in fault, is the sole proximate cause of the injury." 1 Shear. & R. Neg. (5th Ed.) § 99.

See also Great Northern Ry. Co. v. Harman, 217 Fed. 959, 133 C. C. A. 631, L. R. A. 1915C, 843; Salt Lake & U. R. Co. v. Trumbull, 246 Fed. 806, 159 C. C. A. 108.

The third and fourth instructions requested by the plaintiff remain to be noticed. By the first the court was asked to charge the jury that they should return a verdict for the defendant. For the reasons already given, it is obvious that this instruction should not have been granted.

[4] As to the fourth it said, in effect, that the driver had the right to indulge in the presumption that McDaniel was in the full possession of his senses and would exercise reasonable care under the circumstances for his own protection so long as the danger of striking did not "appear imminent." How near must the danger be in order that we may speak of it as "imminent"? It may be that, if the driver waited until it became imminent before doing anything to avoid the accident, he would have waited too long. That is what Hargett seems to have done. The word does not occur in the formulas found in the United States Supreme Court cases cited above. They employ reasonable care alone as the test. Whether such care was observed is usually a question for the jury, as it was here. We think the use of the word would have had a tendency to confuse, rather than aid, the jury, and that the court did not err in refusing the request embodying it.

The judgment is affirmed, with costs.

Affirmed.